Stewart *v.* Davis' Executor.

*Per Curiam.*—The judgment below is reversed with costs, and the case remanded.

*D. D. Pratt* and *D. P. Baldwin*, for the appellant.

---

## STEWART *v.* DAVIS' Executor.

A creditor, who has the personal security of his debtor, and has also, or afterwards obtained property from the principal, as a pledge or security for the debt, must hold the property fairly and impartially, for the benefit of the surety as well as himself, and if he parts with it, without the knowledge or against the will of the surety, he shall lose his claim against the surety to the amount of the property so surrendered; and this principle applies to and effects persons acting in a fiduciary capacity.

APPEAL from the *Bartholomew* Common Pleas.

WORDEN, J.—Action on note, payable to *William McClintick*, executor of the last will of *Ransom Davis*, deceased. Complaint alleges that *Martin M. Sheppard*, and said *Stewart*, by said note, promised to pay said plaintiff, as executor aforesaid, &c. That said *Sheppard* thereafter departed this life, and that *John A. Keith* was appointed administrator of his estate. *Keith*, administrator, was made a party defendant, but the plaintiff afterwards dismissed as to him, and *Stewart*

answered. Demurrer to the answer was sustained; judgment for the amount of the note.

*Stewart's* answer is in substance, that said *Sheppard* executed as principal, and he as surety, a note to said plaintiff for 150 dollars. That thereafter said *Sheppard*, in order to secure said note and other debts he owed said *McClintick*, executed to *McClintick* a bill of sale on certain personal property, therein described, which was duly acknowledged and delivered. The bill of sale is made a part of the answer; that, in accordance with said bill of sale, said *Sheppard* delivered into the possession of *McClintick* enough of said property to satisfy said debts; that the note sued on was given in renewal of the former note, and to induce said *Stewart* to sign said renewed note, *McClintick* assured *Stewart* that he would incur no danger or risk thereby; that the property he held under the bill of sale amply secured the debt, and he held it for that purpose; that it became necessary for plaintiff, as executor of said estate, to take notes with personal security, for all debts owning to said estate, and that he merely wished said defendant to sign the note sued on, in renewal of the note previously existing. That relying upon said representations, he signed said note, as surety, but that *McClintick*, unmindful of his duties in that behalf, and in violation of defendant's rights, thereafter surrended said property to said *Sheppard*, who disposed of the same without the knowledge or consent of the defendant.

We are of opinion that the answer was valid, and that the demurrer should have been overruled.

It is a well settled principle of equity, that a creditor, who has the personal contract of his debtor, with a surety, and has also, or afterwards takes property from the principal, as a pledge or security for the debt, is to hold the property fairly and impartially, for the benefit of the surety as well as himself; and if he parts with it, without the knowledge or against

the will of the surety, he shall lose his claim against the surety to the amount of the property so surrendered. Thus in *Baker* v. *Briggs*, 8 Pick. 123, where the surrender of a horse and gig to the principal, which had been received from him as a security for the debt, and held to be a defence to a suit against the surety, who was said to be exonerated in every instance in which the creditor relinquishes assets or effects of any description, which might have been made available for the purpose of satisfaction or payment. See 2 Am. Lead. Ca., 4th ed., p. 345.

But it is insisted that, inasmuch as the then plaintiff was acting in a fiduciary capacity as executor of an estate, and the note was made payable to him as such, the rule above stated does not apply. We perceive no sufficient reason why it should not. It is not perceived that a man may do a wrongful act in a fiduciary character that he may not do on his own behalf. If, by his own act, the plaintiff has deprived himself of the right to collect the debt of the surety, whereby it becomes lost to the estate, he and his sureties may be liable for it on his bond. But it is asked, suppose the plaintiff and his sureties were insolvent, would the estate have to lose the debt? No answer to this question need be given, as it does not appear but that the plaintiff and his sureties are solvent; but should it be answered in the affirmative, it will not present the only instance in which estates have lost through the malfeasance of representatives and the insolvency of their sureties.

*Per Curiam.*—The judgment below is reversed, with costs, and the cause remanded.

*R. Hill*, for the appellant.

*S. Stansifer*, for the appellee.