### SALLIE T. OGDEN *v.* WILLIAM HARRISON ET AL.

1. MORTGAGE. *Delivery of the property. Appropriation of payments.*
   Mortgaged cotton delivered to the creditor by the debtor is payment of the mortgage-debt *pro tanto*, and cannot, without the latter's express agreement, be applied by the former to an unsecured debt of the mortgageor.

2. CHANCERY PRACTICE. *Sale pending appeal. Reversal.*
   If a mortgageor buys the land at the foreclosure sale thereof, pending an appeal, without *supersedeas* from the decree of sale, the Supreme Court, on reversing that decree, will also reverse the order confirming the sale, if it be appealed from, and both appeals be submitted at the same time.

APPEALS from the Chancery Court of Adams County.

Hon. RALPH NORTH, Chancellor.

Pending an appeal from a decree directing the sale of land under a mortgage, the sale was made, reported, and confirmed, notwithstanding numerous exceptions thereto ; and from that order of confirmation Mrs. Ogden, the mortgageor, appealed, and the two records were submitted in the Supreme Court at the same time.

*M. Green,* for the appellant.

1. The proceeds of the cotton should have been applied to the mortgage-debt, as there was no agreement to appropriate them otherwise. *Windsor* v. *Kennedy,* 52 Miss. 157 ; *Poindexter* v. *La Roche,* 7 Smed. & M. 713 ; *McLaughlin* v. *Green,* 48 Miss. 205 ; *Neal* v. *Allison,* 50 Miss. 177.

2. The report of sale should not have been confirmed, as the facts show.

*Martin & Lanneau* and *T. O. Baker,* for the appellees.

1. The debtor not having directed the application of the

payment, the creditor had the right to apply it to any debt due. *McLaughlin* v. *Green*, 48 Miss. 205. Moreover, the mortgageor was informed of the application, and acquiesced therein. 1 Greenl. on Ev., sect. 197; 3 Bouv. Inst., sect. 3075; *Stebbins* v. *Niles*, 2 Cush. 267.

2. The decree confirming the sale, depending solely on a question of fact, should be affirmed. *Davis* v. *Richardson*, 45 Miss. 510.

CHALMERS, J., delivered the opinion of the court.

The cotton crop to be raised upon Mrs. Ogden's plantation during 1871 was embraced in the mortgage given to secure the promissory notes executed by herself and husband, and the supplies to be advanced during said year, to the amount of $800. It was not competent for the creditor to appropriate the proceeds of the crop, when delivered, to any other debt than that secured, without the express consent of the debtors. The mortgage was itself a direction, in the most explicit terms, as to how the cotton should be applied; and the creditor, in accepting the mortgage, bound himself that when the cotton came into his hands it should be so applied. The delivery of the cotton therefore operated, *eo instanti*, as a satisfaction *pro tanto* of the secured debt, and nothing but an express agreement of the debtor could authorize the creditor to give it a different application. There being no such agreement in this case, appellees had no right to make the application to the unsecured debt, leaving the mortgage-debt unpaid.

The decree will be reversed and cause remanded, with directions to restate the accounts, applying the proceeds of the crop of 1871 to the extinguishment of the open account, to the extent of $800, and the balance to the notes. In all other respects the decree is correct.

A sale of the land mortgaged took place, under the decree rendered in the court below, after the appeal to this court had been prosecuted. There was no *supersedeas*; but, inasmuch as the land was bought by the complainant, and a reversal of the

decree will entitle the defendant to reclaim it, we will reverse also the action of the court in confirming the report of sale, without regard to the special exceptions urged against the sale in the court below.

Decree accordingly.