### NATHAN HILLER *v.* S. LEVY.

APPROPRIATION OF PAYMENTS. *Who may invoke the rule.*

> The rule that payments are to be applied most beneficially to the debtor cannot be invoked by a purchaser of mortgaged property in order to secure its release, where a subsequent partial payment is made by the mortgagor (not of property covered by the lien), which payment is by consent applied by the mortgagee to other indebtedness.

APPEAL from the circuit court of Madison county.

HON. T. J. WHARTON, Judge.

One Middleton, executed a deed of trust upon a mule to secure an indebtedness of one hundred and twenty-five dollars due to Palmer. This deed of trust was transferred for value to appellant Hiller. Middleton was also indebted to Palmer for rent of land, and his note for one hundred dollars therefor was also transferred by Palmer to Hiller. After the transfer Hiller made other advances to Middleton upon a credit.

Subsequently, Middleton paid Hiller in cotton and money more than the amount secured by the trust deed upon the mule, but less

than the aggregate indebtedness due Hiller, and these payments were, by consent of both Middleton and Hiller, applied to the indebtedness not thus secured, so as to retain the lien upon the mule.

This is an action of replevin by Levy, a subsequent purchaser of the mule from Middleton, against the latter. Hiller interposed his claim under the trust deed. The contention on the part of Levy is that the payments made by Middleton should be applied by the court to the debt secured by the trust deed so as to release Hiller's lien upon the mule.

The instructions of the court were in favor of Levy, and from a judgment for him the claimant appeals.

*F. B. Pratt,* for appellant.

In the application of payments the court will give effect to the intention of the parties. Wait's Ac. & Def. 1, p. 176. Legal presumptions as to the application may be rebutted by circumstances showing that such could not have been the intention. Ib. 178 and 587 ; *Lauten* v. *Rowan,* 59 N. H. 215 ; *Hansen* v. *Rounsavell,* 74 Ill. 238 ; *Poindexter* v. *Le Roche,* 7 S. & M. 713. Such application may be inferred from proof of a course of dealing, equivalent to an express contract. *Gwin* v. *McLean,* 62 Miss. 124.

The debtor and creditor were both satisfied with the appropriation as made, and Levy cannot be heard to object. Wait's Ac. & Def. 7, p. 414; *Gordon* v. *Hobert,* 2 Story (C. C.) 243.

Not even a surety of the debtor can control the appropriation. *Robson* v. *McKoin,* 18 La. An. 544.

*F. B. Pratt,* for appellant, made an oral argument.

*Smith & Powell,* for appellee.

There was no specific direction by Middleton to Hiller as to the appropriation of the payments, nor did Hiller make any application of them to any particular debt. The question then is what appropriation will the law make of the payments, to the secured or unsecured debt ?

The rule is that delivery of mortgaged property operates as a satisfaction *eo instanti* of the secured debt *pro tanto.* *Ogden* v. *Harrison,* 56 Miss. 743. In this state the civil law is followed, and payments are applied most beneficially to the debtor. *McLaughlin*

v. *Green,* 48 Miss. 175 ; *Neal* v. *Allison,* 50 Miss. 175; *Windsor* v. *Kennedy,* 52 Miss. 164.

The delivery of the cotton, therefore, operated *eo instanti* as a payment of the secured debt, and no subsequent agreement between Middleton and Hiller could affect Levy's right.

*R. C. Smith,* for appellee, argued orally.

CAMPBELL, J., delivered the opinion of the court.

The judgment should have been for the appellant. The principle that delivery of the mortgaged property to the creditor operates as a discharge of the mortgage debt unless otherwise agreed between the parties as held in *Ogden* v. *Harrison,* 56 Miss. 743, is not available to the appellee, for the deed of trust did not embrace anything besides the mule. The rule that payments not appropriated by the payor or payee, will be appropriated by law for the debtor's benefit cannot help him, because they were appropriated by the parties who had the right to dispose of them regardless of the interest or wishes of appellee, who did not sustain any relation to the thing with which the payment was made to give him the right to insist on any appropriation of payments, and for the further reason that if the parties had not appropriated the payments, it is not apparent what benefit it would be to the debtor, Middleton, to pay off the mortgage on a mule he had sold to the appellee. His interest was to pay the debts he owed, and not to clear the mule of incumbrance for the benefit of the appellee, and he seems to have acted on this view.

The claim of the appellee, the purchaser of a mortgaged mule, that he had any right to be heard as to the dealings between the mortgagor and mortgagee as to other things than the mule is without foundation. If the mortgage on the mule was paid he was entitled to the mule, but whether it was paid or not was determinable by the dealings of the parties without any right in him to object to anything they did with that to which he had no sort of claim.

*Reversed and remanded.*