Holliday v. Brown.

---

JANE HOLLIDAY ET AL. V. WILLIAM B. BROWN.

[FILED JANUARY 4, 1892.]

1. **Summons**: SERVICE: HUSBAND AND WIFE.  In an action against a husband and wife, the sheriff made return of personal service upon both.  In an action on the judgment, the return being put in issue, the sheriff testified that he handed two copies of the summons to the husband—one for himself and the other for his wife, and requested him to hand the same to his wife; that he was about thirty feet from the house and saw the wife

through the window but did not speak to her. He also testified that he afterwards saw the husband hand the wife a copy of the summons. The husband testified that he put both copies in his pocket and did not inform his wife of the summons, while the wife offered to prove that she had received no notice whatever. *Held*, That the question should have been submitted to the jury and that an instruction which withdrew the question from them was erroneous.

2. ——: ——. Service of summons upon a husband alone is not good service on the wife, even if he is served with two copies thereof, one being designed for the wife.

3. Subrogation: A SURETY is entitled to the benefit of securities for the debt in the hands of the creditor, and such creditor cannot apply such securities to the satisfaction of another debt to the exclusion of the surety.

ERROR to the district court for Seward county. Tried below before SMITH, J.

*R. P. Anderson*, and *D. C. McKillip*, for plaintiffs in error.

*Ed. P. Smith*, *contra*, cited, as to the service of summons: *Palmer v. Belcher*, 21 Neb., 58; Freeman, Judgments, secs. 119, 126; *Morse v. Engle*, 26 Neb., 247; *Lawrence v. Howell*, 52 Ia., 62. As to the relative rights of creditor and surety: *Small v. Older*, 57 Ia., 326; *Matthews v. Switzler*, 46 Mo., 301; *Harding v. Tifft*, 75 N. Y., 461; *Wood v. Callaghan*, 61 Mich., 402.

MAXWELL, J.

This action is brought on a judgment of the district court of Seward county, which was recovered on the 19th day of December, 1888, by the defendant in error against the plaintiffs in error. The defendant Jane Holliday, in her amended answer, alleges:

"For her first defense to plaintiff's petition, that no summons was served upon her either personally or by delivering a copy thereof at her usual place of residence, in the

action set forth in the petition upon which said judgment was obtained, nor did she appear in said action, either in person or by attorney, and that the court had no jurisdiction whatever to render said judgment against this defendant.

"2. And for a further and second defense to plaintiff's petition this defendant alleges: That said pretended judgment is alleged to have been founded upon a promissory note, dated July 26, 1888, given by defendants, as this defendant is informed and believes, largely for usurious interest exacted of the co-defendant and husband John Holliday by plaintiff's assignor, Harry T. Jones, as cashier of the Jones National Bank, and which said note was signed by this answering defendant solely as security for her said husband, and was executed solely by her upon the agreement and representation of the payee of said note that said note represented all the indebtedness then existing against said defendants or either of them to said payee, and that said note was to be secured by and paid from the proceeds of a certain chattel mortgage then executed by her said husband on a large amount of personal property owned by him, to-wit: Twelve head of horses, twenty-two head of cattle and their increase, and about twenty head of hogs, of the value of more than the amount of said note; that said defendant, relying upon said representation and the faithful performance of the agreement to apply said mortgaged property to the payment of said note, then signed and delivered said note, and said mortgage was then at same time executed and delivered to plaintiffs' assignor to secure the same, and but for said representations and the agreement to execute and deliver said chattel mortgage securing the payment of said note, this defendant would not have executed the same.

"And defendant says that all of the foregoing facts were known to plaintiff and plaintiff's assignor at the time of the alleged indorsement of said note to plaintiff, as also

at the time of the conversion of said mortgaged property as hereinafter mentioned.

"And this defendant further alleges that long after the pretended recovery of the alleged judgment against this defendant, on said note mentioned in plaintiff's petition, to-wit, in the month of February, 1889, the plaintiff took possession of said mortgaged property and converted the same to his own use and refused to apply it to pay said note or pretended judgment; and this defendant alleges that said personal property was of value more than sufficient to pay said promissory note and interest and the pretended judgment for the same, and the said personal property or the value thereof should have been by plaintiff applied to satisfy and pay any indebtedness by reason of said note or said pretended judgment. Yet the plaintiff, though often requested, has refused to so apply said mortgaged property or the value thereof.

"This defendant further alleges, on information and belief, that said plaintiff, Wm. B. Brown, is only the nominal owner of said promissory note and said pretended judgment; that the same was not purchased by him for value or received by him in good faith, but that the same was indorsed to him (if at all) by said H. T. Jones without consideration and for the purpose of cheating and defrauding this defendant out of her proper and just defense to the same. And defendant alleges that the sole interest in said note and pretended judgment has at all times belonged to said H. T. Jones, as cashier of said Jones National Bank."

To this answer the defendant in error filed a lengthy reply, which need not be noticed.

The return of the officer on the summons in the original case is as follows:

"STATE OF NEBRASKA, } ss.
    SEWARD COUNTY. }

" Received the within writ the 14th day of November,

A. D. 1888, at 4 o'clock P. M., and I hereby certify and return that I served it on the within named defendants, John Holliday and Jennie Holliday, by delivering to each of them a true and certified copy of this writ, with all the indorsements thereon, and return this writ with all the indorsements thereon and return this writ this 16th day of November, A. D. 1888.

"Sheriff's fees, $1.65.      J. M. SMILEY, *Sheriff.*

"Returned and filed this 16th day of November, A. D. 1888."

Mr. Smiley was called as a witness in the case, and testified that he did not leave a copy of the summons with Mrs. Holliday nor at her usual place of residence, but "delivered to John Holliday a copy, and delivered him a second copy for his wife and asked him to hand it to her, and he handed it to her." He also testifies that he drove into the door-yard with a double team; that Mr. Holliday was banking the house; that he stayed ten or fifteen minutes; that he conversed with Mr. Holliday several minutes before he handed him the copies of the summons; that he did not speak to Mrs. Holliday, although he saw her through the window; that as he turned to go away he saw Mr. Holliday hand the copy to his wife. He also testifies that he was about thirty feet from the house.

On the trial Mrs. Holliday offered to prove that no summons had been served upon her and that the court had no jurisdiction of her person. This offer was overruled and the evidence excluded.

The husband testifies that the sheriff handed him two copies of the summons—one for himself, and requested him to hand the other to his wife; that he read the copy directed to himself and folded them both together and put them in his pocket and never did hand a copy to his wife or notify her that she had been sued.

It will be observed that the sheriff's own evidence con-

tradicts his return, as he did not serve the summons personally on the defendant.

The court instructed the jury: "In this case, under the pleadings, the evidence, and the law, the judgment upon which this action is brought is binding and conclusive upon both the defendants in this action."

This was clearly erroneous. All the testimony shows that the summons was not served personally on the wife, nor left at her usual place of residence. The officer was clearly guilty of a false return.

In this state a wife is a person distinct from her husband, and to be bound by the judgment must be served with summons, and service upon her husband is not service upon her. She was entitled to her day in court, and if she was not served she is not bound by the judgment.

Sec. 69 of the Code provides : "The service shall be by delivering a copy of the summons to the defendant personally, or by leaving one at his usual place of residence, at any time before the return day." The intention of the law is that the officer shall personally serve the summons if that can be done in the county. If the person is temporarily absent a copy left at his usual place of residence will be sufficient, but where the officer goes to the residence of the party and finds him at home the service should be personal.

Had the wife been temporarily absent from home, and the officer had left a copy thereof at her residence, no doubt it would have been sufficient to give the court jurisdiction; but the officer cannot by parol delegate a third party to serve the summons who will make no return of his doings in the premises, and more particularly where such third party had an interest in the result of the suit. In brief, the statute contemplates personal service where that can be had, but where the defendant cannot be served personally then the summons may be left at his usual place of residence. In the case at bar, the officer, although he saw

the wife through the window, made no attempt to serve the summons upon her, and the proof fails to show that she was notified of the pendency of the action. There is no doubt also that the wife as surety for her husband is entitled to have the securities taken to secure the note for $1,803 applied on that note, or, in case she is compelled to pay it, turned over to her.

There are some things connected with the giving of the second note for $1,900 that are not satisfactorily explained, but are proper subjects for a jury to consider.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

COBB, CH. J., concurs.

NORVAL, J., did not sit.