MARTHA B. PATTERSON v. THOMAS H. TAYLOR.

Argued February 16, 1909—Decided June 14, 1909.

1. In an action upon a judgment recovered in a sister state the
   following facts appeared: (1) By a statute of that state the
   sheriff was required to make personal service of original process
   when that could be made by a reasonable effort, and a substi-
   tuted service was permitted only when personal service could not
   be so made. (2) That the return to the writ showed a substi-
   tuted service, but did not disclose that personal service could
   not have been made with reasonable effort. (3) That the return
   of the sheriff was not, under the law of that state, conclusive,
   but that the truth thereof could be inquired into by the court.
   (4) That the judgment record contained the following recital:
   "This case coming on to be heard the court finds that there was
   due and legal personal service upon the defendant."
2. Assuming that the return to the writ did not show that the court
   had obtained jurisdiction of the person of the defendant, because
   it contained no recital of a reasonable effort on the part of the
   sheriff to make personal service—*Held*, that the jurisdiction of
   the court did not depend upon the exhibition in the sheriff's re-
   turn of a compliance with the statute, but upon the fact of such
   compliance. *Held, further*, that the recited statement in the
   judgment showed an investigation by the court into the method
   of service, and an adjudication by it that the service was in fact
   a personal and not a substituted one, and so, in compliance with
   the statutory requirement.

Case certified from Essex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE
and PARKER.

For the plaintiff, *Simeon H. Rollinson*.

For the defendant, *Alfred F. Skinner*, and *Herbert Noble*
and *Massey Holmes* of the New York bar.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action is brought to re-
cover the amount alleged to be due upon five several judg-

ments recovered by the Rochester Loan and Banking Company against the defendant and others in one of the County District Courts of the State of Nebraska, a court of general jurisdiction. The plaintiff is the holder of these judgments by assignment from the Loan and Banking company. In each of the Nebraska suits the sheriff's return of the original process showed a service upon the defendant Taylor by leaving a true and duly certified copy of the writ at his usual place of residence, but did not show that any effort had been made to serve him personally. The Nebraska statute relating to the service of process provides that "The service shall be by delivering a copy of the summons to the defendant personally, or by leaving one at his usual place of residence, at any time before the return day," and that "In all cases the return must state the time and manner of service."

At the trial of the present cause it was contended on the part of the defendant that the Nebraska statute above set forth contemplates and requires a personal service, if the same can be secured by a reasonable effort, and that a substitutionary service can be justified only after such reasonable effort has been made; and, further, that in order for the Nebraska courts to have obtained jurisdiction over the defendant (he not having voluntarily appeared) it was essential that the return should show that the sheriff made reasonable effort to secure a personal service, and that the failure of his return to show that such reasonable effort was made left the Nebraska court without jurisdiction of the person of the defendant. The trial court being in doubt as to the soundness of these contentions has certified them to us for our advisory opinion.

Assuming that, by force of the Nebraska statute, there must be a personal service of process if it can be made by reasonable effort, we are of opinion that the existence of jurisdiction in the Nebraska court did not depend upon the exhibition in the sheriff's return of a compliance by him with the statutory requirement, but, rather, upon the fact whether or not the service had in truth been made in the manner directed by the statute. We base this conclusion upon the decision of

the Supreme Court of Nebraska in the case of *Holliday* v. *Brown,* 33 *Neb.* 657. In that case the return of the sheriff showed a personal service upon the defendant. The truth of this return was challenged, and it was shown by the sheriff's own testimony that, instead of making a personal service upon the defendant, he handed the copy of the summons to the defendant's husband, who was engaged at work in the yard in front of her residence, although the defendant herself was at that time in the house and visible to the sheriff through a window. The Nebraska court held the service void. It is manifest from this decision that, under the Nebraska law, the return of a sheriff endorsed upon a summons is not conclusive of the manner of service, but is open to challenge; and that the court out of which the writ issues has full power to investigate the truth of the return, and determine from evidence, *ab extra,* whether or not it was, in fact, served in such a manner as to confer jurisdiction of the defendant upon the court.

In the several cases in which the judgments, which are the foundation of the present action, were rendered, this power would seem to have been exercised by the court, for the judgment record in each case contains the following recital: "This cause coming on to be heard the court finds that there was due and legal personal service upon Thomas H. Taylor." As we read this excerpt it contains, by necessary implication, a statement that the actual method of service upon the defendant was made a subject of judicial investigation by the court, and an express adjudication that such service was made upon him personally, and not by leaving a copy of the writ at his usual place of residence as was stated in the sheriff's return. The effect of this adjudication is to overthrow the return, so far as it relates to the manner of service, to establish the fact that personal service was made upon the defendant, and, consequently, that he was legally brought into court in the manner prescribed by the Nebraska statute.

It is argued on behalf of the defendant that the view which we have expressed as to the effect of the recital in these judgments is opposed to that expressed by the Supreme Court

of the United States in the case of *Settlemier* v. *Sullivan,* 97 *U. S.* 444. We think not. In the cited case the return endorsed upon the process was that it had been served by "leaving at the usual place of abode." The recital in the judgment (which was that of an Oregon court) was that "Although duly served with process the defendant did not come, but made default." By the Oregon statute a substituted service was not permitted except where, after using ordinary diligence, the sheriff was unable to serve the writ personally; and when substituted service was made the sheriff's return was required to disclose his inability to make a personal service by the use of due diligence. It will be perceived that the return before the court did not show inability on the part of the sheriff to make personal service, and the question considered was whether the recital in the judgment that the defendant was *duly served* with process, supplied this omission in the return. The conclusion reached was that the recital must be read in connection with the return, and could only be considered as referring to it. The distinction between that case and the one now before us is this: The recital contained in the judgment in the cited case that the writ was "duly served" is not necessarily contradictory of the return, and, read in connection with it, is an adjudication that the substituted service was *due* service, without regard to whether personal service had been attempted to be made or not, while in the present case the recital that the court *finds* there was due and legal *personal* service upon the defendant is absolutely contradictory of the return, and cannot be construed as an adjudication that a service by leaving a copy of the writ at the defendant's usual residence was "due and legal service" although no attempt at personal service had been made. There *is* nothing in the Settlemier case, as we read the opinion, which indicates the view that where the adjudication of the method of the service of process recited in a foreign judgment negatives the truth of the return of the sheriff as to the manner in which the writ was served, the return of the sheriff *is to* be accepted as verity, and the adjudication of the court is to be disregarded.

The Circuit Court is advised that the failure of the sheriff to show by his return a legal service of summons upon the defendant does not operate to render the judgments in suit void.