## J. ROSENBAUM GRAIN CO. v. HIGGINS.

No. 3011.   Opinion Filed November 25, 1913.

(136 Pac. 1073.)

1.   **APPEAL AND ERROR** — Brief — Necessity.   Where counsel for plaintiff in error, in conformity with the rules of this court, has prepared, served, and filed a brief in support of his assignments of error, and there is no brief filed and no reason given for its absence on the part of defendant in error, this court is not required to search the record to find some theory upon which the judgment of the court below may be sustained; but where the brief filed by plaintiff in error appears resonably to sustain his assignments of error, or some of them, the court may reverse the judgment in accordance with the petition of plaintiff in error.

2.   **CONTRACTS** — Determination of Existence—Construction—Question for Court.   Where a transaction between two parties consists: entirely of letters and telegrams, it is for the court to determine whether such correspondence constitutes a contract; and where such correspondence contains no technical words or terms of art, and the effect thereof depends merely upon the construction and meaning of the instrument and not upon extrinsic facts and circumstances, the construction of the contract is wholly for the court, and is not a question of fact to be determined by the jury.

(Syllabus by the Court.)

*Error from County Court, Kiowa County;*
*J. W. Mansell, Judge.*

Action by the J. Rosenbaum Grain Company against J. H. Higgins.   Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*Morse & Standeven* and *Sturgis & Manatt,* for plaintiff in error.

HAYES, C. J.   Plaintiff in error brought this action in the court below.   The cause of action alleged in its petition in that court is based upon the following alleged facts:   Plaintiff purchased from defendant six cars of wheat, which were to be shipped from Oklahoma to plaintiff at Ft. Worth and Galveston, in the state of Texas.   All the purchases were made by telegram and confirmation by letters.   The letters of confirmation, in accord-

ance with which the wheat was shipped, provided that it was the agreement between the purchaser and seller that the weights and classification of the grain at destination should govern in the settlement between the parties, unless changed by mutual consent. At the time of making the shipments, defendant made drafts upon plaintiff covering said shipments, with bills of lading attached, which plaintiff paid, and took up the bills of lading. When the grain arrived and was weighed and classified at destination and the value thereof computed in accordance with the price agreed upon in the telegrams and letters of confirmation, it appeared that defendant had overdrawn on said cars to the amount of $501.82. To cover this amount plaintiff brought this action.

Defendant, by his answer, denies that there was an agreement that the weights and classification at destination were to govern and alleges that the weighing and classification of the wheat at destination was fraudulently made, and that the amounts of the draft drawn by him upon plaintiff and paid by it were less than the value of the wheat at the price agreed upon in the contract of purchase, and by way of cross-petition asks for judgment against plaintiff in the amount of the alleged balance unpaid on the purchase price of said wheat. The trial in the court below resulted in a verdict and judgment in favor of defendant for the amount prayed for in his cross-petition.

Plaintiff in error, within the time provided by the rules of this court, filed its brief; but defendant in error has wholly failed to file any brief or to assign any reason for such failure. We have examined the brief of plaintiff in error, and it is apparent that some of its assignments have merit. Under this condition of the case, under the previous decisions of this court, we are authorized to reverse the cause without further examination of the record or the questions presented. *Missouri, K. & T. Ry. Co. v. Long,* 27 Okla. 456, 112 Pac. 991; *Flanagan et al. v. Davis et al.,* 27 Okla. 422, 112 Pac. 990; *School Dist. No. 39, Pottawatomie County, v. Shelton,* 26 Okla. 229, 109 Pac. 67, 138 Am. St. Rep. 962; *Buckner v. Oklahoma Nat. Bank of Shawnee et al.,* 25 Okla. 472, 106 Pac. 959; *Butler v. McSpadden,* 25 Okla. 465, 107 Pac. 170.

The petition alleges, and the evidence establishes, that the entire transaction between plaintiff and defendant, resulting in the purchase of the wheat, consisted of telegrams and letters. The trial court submitted an instruction to the jury whereby it authorized the jury to find whether there was a contract between the parties as to what weights and classification should control; and, in the event they should find there was no agreement between the parties relative thereto, then the custom in such matters among grain dealers would govern; and that it was the duty of the purchaser of the wheat on receipt of same, if the wheat did not come up to the standard of weights and grades as specified in the contract, to notify the seller of that fact and give him an opportunity to participate in the adjustment of the differences; and further charged that in the event the jury found that if there was no contract for the determination of the weights and grades, and that plaintiff accepted the wheat without notifying defendant of the character of the wheat and appropriated the same upon the contract, then the jury would be warranted in finding for the defendant.

As above stated, the evidence clearly establishes that the contracts of purchase were consummated solely by means of telegrams and letters; and it is apparent from reading these letters and telegrams that there was an agreement that the weights and classification of the wheat at destination should control in settlement between the parties under the contract. The giving of the foregoing instruction complained of, under the previous decisions of this court, was clearly error. Where a transaction between two parties consists entirely of letters and telegrams, it is for the court to determine whether such correspondence constitutes a contract; and where such correspondence contains no technical words or terms of art, and the effect thereof depends merely upon the construction and meaning of the instrument, and not upon extrinsic facts and circumstances, the construction of the contract is wholly for the court and is not a question of fact to be determined by the jury. *American Jobbing Ass'n v. James,* 24 Okla. 460, 103 Pac. 670; *Culbertson v. Mann,*

30 Okla. 249, 120 Pac. 918; *Atwood v. Rose et al.,* 32 Okla. 355, 122 Pac. 929.

There are other specifications of error in plaintiff's brief which, from the statement contained in its brief, appear to have merit; but as these assignments cannot be satisfactorily considered without an examination of the record, and we are unaided by any brief on behalf of defendant pointing out such parts of the record affecting these assignments as may be favorable to him, and since for the reasons already suggested the cause must be reversed, we shall not consider the further assignments.

The judgment of the trial court is reversed, and the cause remanded.

All the Justices concur.