FIRST NAT. BANK OF SALLISAW v. BALLARD *et al.*

No. 3141.   Opinion Filed February 28, 1914.

(139 Pac. 293.)

1.   APPEAL AND ERROR—Scope of Review—Briefs.   Where plain-tiff in error has, in compliance with the rules of the court, served and filed his brief, ·but the defendant in error has neither .filed nor offered excuse for failure to file brief, the court is not required to search the record to find a theory upon which the judgment may be sustained, and may reverse the case in accordance with the prayer of the plaintiff in error, if the brief filed appears reason-ably to sustain such action.

2.   PAYMENT—Proceeds of Mortgaged Property—Application.   In the absence of consent of mortgage debtor and his surety to make other application, to the extent of the mortgage indebtedness, the proceeds of mortgaged property should be applied as credit thereon.

3.   SAME.   A creditor who has wrongfully applied proceeds of mort-gaged property as credit upon another indebtedness of the mort-gagor may, in the absence of any intervening adverse right arising from such wrongful application which would affect the rule, correct his error by transferring such credit to the mortgage secured debt.

4.   CHATTEL MORTGAGES—Proceeds of Mortgaged Cotton—Com-pensation for Picking—Right to Retain.   Where a mortgage includes a debtor's entire crop of cotton, without reservation in this regard, he is not entitled to retain from the proceeds of such crop compensation of himself and family for labor in picking same, without the consent of both holder of mortgage and surety.

(Syllabus by Thacker, C.)

*Error from County Court, Sequoyah County;*
*W. N. Littlejohn, Judge.*

Action by the First National Bank of Sallisaw against C. ·B. Ballard, B. E. Moody, and W. H. Brackett, on promissory note.   Judgment for defendants, and plaintiff brings error.   Re--versed and remanded.

*J. H. Jarman,* for plaintiff in error.

*E. M. Frye,* for defendants in error.

Opinion by THACKER, C. The position of the parties. in respect to their descriptive titles remains the same as in the trial court; but, having no occasion to refer to the sureties, we will hereinafter refer to the principal debtor alone as "defendant."

Plaintiff has filed case-made and, in compliance with the rules of court, has served and filed his brief; but the defendants in error have neither filed nor offered any excuse for failure to file a brief; and, in such cases, this court is not required to search the record to find a theory upon which the judgment may be sustained, but may reverse the judgment in accordance with the prayer of the plaintiff in error, if the brief filed appears reasonably to sustain such action. *Phillips v. Rogers,* 30 Okla. 99, 118 Pac. 371; *Doyle v. School Dist. No. 38, Noble County,* 30 Okla. 81, 118 Pac. 386; *Bank of Grove v. Dennis,* 30 Okla. 70, 118 Pac. 570; *Flanigan v. Davis,* 27 Okla. 422, 112 Pac. 990; *Missouri, K. & T. Ry. Co. v. Long,* 27 Okla. 456, 112 Pac. 991.

Plaintiff held two notes against defendant, each having, as joint and several makers with him, the signatures of two sureties, one of whom was surety on both notes, one for the principal sum of $345, secured by a chattel mortgage upon property which included the defendant's entire one-half of a crop of cotton, while the other note, for the principal sum of $55.50, was not secured otherwise than as stated above.

Defendant, aided by his family, picked and marketed this crop of cotton, turning in to plaintiff some of the proceeds; and, without any agreement or understanding between any of the parties thereby affected, the plaintiff in the first instance voluntarily applied, as credits upon said $55.50 note, $38.25 of such proceeds, but afterwards, and at the instance of the sureties on said $345 note, canceled said credits on said $55.50 note and applied the same upon said $345 note. The proceeds of the mortgaged property, it appears inferentially, proved inadequate, or at most was not more than adequate, to discharge said $345 note.

This action was brought upon said $55.50 note, which was admittedly entitled to a credit of $2.50; but defendant claimed in defense in part to the action that said sum of $38.25 was a proper credit upon this note, and that plaintiff had no right to cancel it as such credit and transfer it to the other note because it was proceeds of such crop of cotton to which he was entitled as compensation for the picking of the cotton by himself and family. Defendant claims a tender as to $15.67; but it is not necessary to discuss this question.

It is apparently indisputable that defendant is indebted to plaintiff in the amount of the note in suit here, less a credit of $2.50; but defendant claims in effect that this indebtedness is not in its greater part upon this note, but is upon the $345 note to the extent of the credits transferred, which note plaintiff has surrendered.

In the absence of the consent of both the mortgage debtor and his surety, the proceeds of mortgaged property coming into the hands of the mortgagee should, to the extent of the mortgage debt, be applied as credit thereon; and a creditor who has wrongfully applied such proceeds upon another indebtedness of the mortgagor may, in the absence of any intervening adverse right arising from such wrongful application which would affect the rule, correct his error by transferring such credit to the mortgage secured debt. Rev. Laws 1910, secs. 1056, 1058, 1063; *Johnson v. Jones,* 39 Okla. 323, 135 Pac. 12; Jones on Chattel Mortgages (5th. Ed.) sec. 640; 7 Cyc. 115, 116; *Schiffer & Nephews v. Feagin,* 51 Ala. 335; *Summer v. Kelly,* 38 S. C. 507, 17 S. E. 364; *Nichols, Shepherd & Co. v. Knowles* (C. C.) 17 Fed. 494, 3 McCrary, 477; *Sanders v. Knox,* 57 Ala. 80; *Ogden v. Harrison,* 56 Miss. 743; *Caldwell v. Hall,* 49 Ark. 508, 1 S. W. 62, 4 Am. St. Rep. 64; *Boynton v. Spafford,* 61 Ill. App. 384; *Kirkpatrick v. Howk,* 80 Ill. 122; *Stewart v. Davis, Ex'r,* 18 Ind. 74; *Bank of Monroe v. Gifford,* 79 Iowa, 300, 44 N. W. 558; *Embree v. Strickland,* 1 White & W. Civ. Cas. Ct. App. sec. 1299; *Holliday v. Brown,* 33 Neb. 657, 50 N. W. 1042; *Pierce v. Atwood,* 64 Neb. 92, 89 N. W. 669.

Where a mortgage includes a debtor's entire crop of cotton, without any reservation whatever, he is not entitled to retain from the proceeds of such crop compensation for the labor of himself and family in picking same, without the consent of both the holder of the mortgage and the persons who are his sureties.

For the reasons stated, this case should be reversed and remanded, and a new trial granted.

By the Court: It is so ordered.