### FROST v. HALEY.

No. 6820—Opinion Filed Dec. 26, 1916.

(161 Pac. 1174.)

(Syllabus by the Court.)

#### Appeal and Error—Review—Briefs.

Where plaintiff in error has prepared, served, and filed a brief as required by the rules of this court, and there is no brief filed and no reason given for its absence on the part of defendant in error, this court is not required to search the record to find some theory upon which the judgment below may be sustained; but, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition of plaintiff in error.

Error from County Court, Greer County; H. M. Thacker, Judge.

Action by W. D. Haley against O. C. Frost. There was a judgment for plaintiff, and defendant brings error. Reversed and remanded.

Wylie Snow, for plaintiff in error.

PER CURIAM. On February 6, 1913, W. D. Haley, defendant in error, sued O. C. Frost, plaintiff in error, in the county court of Greer county in damages to recover $300 alleged to have been procured from him through fraud. The petition substantially states: That while partners they agreed to purchase a certain pool hall in the city of Mangum from one Renard; that defendant, acting as agent for the partnership, represented to plaintiff that the purchase price of said property was $1,800; that plaintiff paid one-half of said purchase price, or $900, to said Renard; that thereafter plaintiff, desiring to discontinue his relations with defendant, and believing that defendant had paid a like sum as his part of the purchase price of said property, as represented by defendant, purchased the interest of said defendant in said property, paying him therefor $300 cash and taking up two notes of $300 each

given by said defendant to Renard as his part of the purchase price of said property; that thereafter plaintiff learned that defendant had in fact paid only $600 for his part of the purchase price, instead of $900 as represented, and plaintiff was thereby induced by fraud and said misrepresentation to part with $900 for the interest owned by said defendant in said property. Defendant, for his answer and cross-petition denied all the material allegations contained in plaintiff's petition, and asked judgment for $65, as his part of the profits of said business during the term it was operated as a partnership business, and in his amended answer and cross-petition asked for $37.50 more for services rendered in said business. Plaintiff filed his reply thereto, consisting of a general denial. Upon the issues thus joined, the cause proceeded to trial to a jury, and verdict rendered as prayed by plaintiff, except as to the amount of the above set-offs, which were allowed and judgment was entered accordingly.

To reverse this judgment defendant urges four assignments of error: (1) Error in admitting incompetent evidence; (2) error in refusing to give certain requested instructions; (3) error in giving instruction No. 55; (4) error in overruling his motion for new trial.

Defendant in error has not filed a brief in this case or offered any excuse for such failure. The brief of defendant appears reasonably to sustain the assignments of error, and, under the well-settled rule of this court, we are not required to search the record to find some theory upon which the judgment below may be sustained, but may reverse the judgment in accordance with the prayer of the petition in error. Security Ins. Co. v. Droke. 40 Okla. 116. 136 Pac. 430; J. Rosenbaum Grain Co. v. Higgins, 40 Okla. 181. 136 Pac. 1073: Purcell Bridge & Transfer Co. v. Hine, 40 Okla. 200. 137 Pac. 668: First Nat. Bank of Sallisaw y Ballard. 41 Okla. 553, 139 Pac. 293: De Hart Oil Co. v. Smith. 42 Okla. 201. 140 Pac. 1154.

The judgment of the trial court is reversed and the cause remanded.