## LOWREY v. NORTHRUP.

No. 10577—Opinion Filed March 14, 1922.

(Syllabus.)

**Appeal and Error—Review—Briefs.**

Where plaintiff in error has prepared, served, and filed a brief as required by the rules of this court, and there is no brief filed and no reason given for its absence on the part of defendant in error, this court is not required to search the record to find some theory upon which the judgment below may be sustained; but, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition of plaintiff in error. Frost v. Haley, 63 Okla. 19, 161 Pac. 1174.

Error from District Court, Oklahoma County; John W. Hayson, Judge.

Action by John A. Northrup against S. L. Lowrey. Judgment rendered for plaintiff, and defendant brings error. Reversed and remanded.

Ross N. Lillard, J. Emmett Buckley, Eben L. Taylor, and Joe Bailey Allen, for plaintiff in error.

Loyal J. Miller, for defendant in error.

KENNAMER, J. On the 5th day of December, 1917, John A. Northrup commenced this action, as plaintiff, against S. L. Lowrey, defendant, in the justice court before T. F. Donnell, a justice of the peace of Oklahoma City district in Oklahoma county, Okla., under the forcible entry and detainer statutes, for restitution of possession of certain real property. In the trial of the cause before the justice of the peace judgment was entered in favor of the plaintiff, and the defendant appealed the cause to the district court of Oklahoma county. When the cause came on for trial in the district court, the court upon its own motion dismissed the appeal, to which ruling the defendant excepted and has prosecuted this appeal to

reverse the judgment of the district court dismissing the appeal.

On the 14th day of November, 1921, the plaintiff in error served a copy of his brief upon the attorney of record for the defendant in error. No brief has been filed on behalf of the defendant in error, and no excuse for such failure has been presented to the court. The brief of the plaintiff in error appears to sustain his assignments of error. In this situation the rule is well established that the court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may reverse the judgment in accordance with the prayer of the petition in error. Frost v. Haley, 63 Okla. 19, 161 Pac. 1174.

The judgment of the trial court is reversed, and the cause remanded.

HARRISON, C. J., and JOHNSON, MILLER, and NICHOLSON, JJ., concur.