**DUNCAN NAT. BANK OF DUNCAN v. FIRST NAT. BANK OF WALTERS.**

No. 11243—Opinion Filed June 26, 1923.

**Appeal and Error—Service of Brief—Failure of Defendant in Error to File Answer Brief—Rules of Court.**

Where plaintiff in error has prepared, served, and filed a brief as required by the rules of this court, and the defendant in error files no answer brief, and no reason is shown why same has not been filed, and no order made granting an extension of time therefor, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained. Where, under the circumstances, the brief of plaintiff in error appears to reasonably sustain the assignments of error, this court may reverse the judgment in accordance with the prayer of the petition in error.

(Syllabus by Logsdon, C.)

Commissioners's Opinion, Division No. 1.

Error from District Court, Cotton County; Cham Jones, Judge.

Action by Duncan National Bank of Duncan, Okla., against the First National Bank of Walters, Okla., to recover the sum of $601.14. Judgment for defendant, and plaintiff brings error. Reversed.

E. H. Bond, for plaintiff in error.

Opinion by LOGSDON, C. This proceeding in error is prosecuted by Duncan National Bank of Duncan, Okla., against the First National Bank of Walters, Okla., to reverse a judgment of the district court of Cotton county in favor of defendant and against the plaintiff, in which action plaintiff had sued to recover the sum of $600 and, $1.14 as protest fees on a certain draft delivered to the plaintiff by the defendant, and on which draft payment had been stopped.

Plaintiff's brief in this case was served upon the defendant March 20, 1923, and no brief has been filed by the defendant, nor any excuse given for failure so to do. The record of this court does not show any extension of time granted to the defendant for filing such brief, nor any application therefor. It is a well-established rule of this court that it is not required to search the record to find some theory upon which the judgment of the trial court may be sustained. Under the circumstances stated, where the brief filed by the plaintiff reasonably sustains the assignments of error contained in the petition in error, the judgment will be reversed in accordance with the prayer of the petition in error. Frost v. Haley, 63 Okla. 19, 161 Pac. 1174; Security Ins. Co. v. Droke, 40 Okla. 116; 136 Pac. 430; J. Rosenbaum Grain Co. v. Higgins, 40 Okla. 181, 136 Pac. 1073; Purcell Bridge & Transfer Co. v. Hine, 40 Okla. 200, 137 Pac. 668; First Nat. Bank of Sallisaw v. Ballard, 41 Okla. 553, 139 Pac. 293.

After a careful examination of plaintiff's brief herein, it is concluded that the judgment of the trial court should be reversed and the cause remanded to the district court

of Cotton county, with directions to grant a new trial in the action.

By the Court: It is so ordered.