## NEWTON v. WITHERSPOON.

No. 11969—Opinion Filed Oct. 9, 1923.

**Appeal and Error—Failure of Defendant in Error to File Brief--Reversal.**

Where plaintiff in error has prepared, served, and filed brief as required by the rules of this court, and the defendant in error files no brief, and no reason is shown why same has not been filed, and no order made granting an extension of time therefor, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained. Where, under the circumstances, the brief of plaintiff in error appears reasonably to sustain the assignments of error, this court may reverse the judgment in accordance with the prayer of the petition in error.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Pontotoc County; J. W. Bolen, Judge

Action in ejectment by J. G. Witherspoon against C. Newton. Judgment for the plaintiff, and defendant brings error. Reversed.

C. F. Green, for plaintiff in error.

W. F. Schulte, for defendant in error.

Opinion by PINKHAM, C. This is a suit in ejectment brought in the district court of Pontotoc county, by the defendant in error, as plaintiff, against the plaintiff in error, as defendant, for the possession of certain lands described in plaintiff's petition. After a trial to the court without a jury, the court rendered judgment in favor of the plaintiff for the possession of the land involved. From this judgment defendant prosecutes this appeal.

Plaintiff in error's brief in this case was served upon the defendant in error July 21, 1923, and no brief has been filed by the defendant in error, nor any reason given for failure to do so. The record of this court does not show any extension of time granted to the defendant in error for filing such brief, nor any application therefor. It is a well established rule of this court that it is not required to search the record to find some theory upon which the judgment of the trial court may be sustained. In this situation, where the brief filed by the plain-

tiff in error reasonably sustains the assignments of error contained in the petition in error, the judgment will be reversed in accordance with the prayer of the petition in error. (Duncan Nat. Bank of Duncan v. First Nat. Bank of Walters, 91 Okla. 124, 217 Pac. 160, and cases cited.)

After an examination of the plaintiff's brief herein, it is concluded that the judgment of the trial court should be reversed and the cause remanded to the district court of Pontotoc county, with directions to grant a new trial in the action.

By the Court: It is so ordered.