### HALL v. SCHLECHT.

No. 11699—Opinion Filed Oct. 9, 1923.

#### Appeal and Error—Failure of Defendant in Error to File Brief—Reversal.

Where plaintiff in error has prepared, served, and filed a brief as required by the rules of this court, and the defendant in error files no answer brief, and no reason is shown why same has not been filed and no order made granting an extension of time therefor, this court is not required to search the record to find some theory on which the judgment of the trial court may be sustained. Where, under such circumstances, the brief of plaintiff in error appears to reasonably sustain the assignments of error, this court may reverse the judgment in accordance with the prayer of the petition in error.

(Syllabus by Logsdon, C.)

Commissioners' Opinion. Division No. 1.

Error from District Court, Craig County; A. C. Brewster, Judge.

Action by Herman Schlecht, as plaintiff, against Jane Patten Hall, as defendant, to recover damages to a certain animal belonging to plaintiff by reason of a collision with defendant's automobile. Judgment for plaintiff, and defendant brings error. Reversed.

Kornegay & Probasco, for plaintiff in error.

Opinion by LOGSDON, C. This proceeding was originally commenced in a justice court, where plaintiff recovered judgment against defendant and the case was appealed to the district court. Upon trial had in district court, April 20, 1920, plaintiff again recovered judgment against defendant in the sum of $100 and costs, to

reverse which judgment this proceeding in error was commenced by petition in error with case-made attached.

Plaintiff in error filed her brief together with proof of service thereof in the clerk's office July 2, 1923, but no brief has been filed by the defendant in error, nor any excuse given for failure so to do. The record of this court does not show any extension of time granted to the defendant in error for filing such brief nor any application therefor. It is a well settled rule of this court, that it is not required to search the record to find some theory on which the judgment of the trial court may be sustained. Under the circumstances stated, where the brief filed by the plaintiff in error reasonably sustains the assignments of error contained in the petition in error, the judgment will be reversed in accordance with the prayer of the petition in error. Frost v. Haley, 63 Okla. 19, 161 Pac. 1174; Security Insurance Co. v. Droke, 40 Okla. 116, 136 Pac. 430; J. Rosenbaum Grain Co. v. Higgins, 40 Okla. 181, 136 Pac. 1073; Purcell Bridge & Transfer Co. v. Hine, 40 Okla. 200, 137 Pac. 668; First Nat. Bank of Sallisaw v. Ballard, 41 Okla. 553, 139 Pac. 293.

After a careful examination of the brief of plaintiff in error herein, it is concluded that the judgment of the trial court should be reversed and the cause remanded to the district court of Craig county, with directions to grant plaintiff in error a new trial herein.

By the Court: It is so ordered.