## ADAMS v. TWERELL et al.

No. 12316—Opinion Filed Oct. 23, 1923.

### Appeal and Error—Failure to File Brief—Reversal.

Where plaintiff in error has prepared, served, and filed brief as required by the* rules of the court, and the defendant in error files no brief, and no reason is shown why same has not been filed, and no order made granting an extension of time therefor, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained; and where, under the circumstances, the brief of plaintiff in error appears reasonably to sustain the assignments of error, this court may reverse the judgment in accordance with the prayer of the petition in error.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Logan County; Arthur R. Swank, Judge.

Action to quiet title by A. J. Twerell against H. M. Adams et al. Judgment for plaintiff, and the defendant, H. M. Adams, brings error. Reversed.

H. M. Adams, pro se, plaintiff in error.

Fred W. Green, for defendants in error.

Opinion by FOSTER, C. This is a suit to quiet title brought in the district court of Logan county, Okla., by the defendant in error, as plaintiff, against the plaintiff in error and other persons, as defendants. Default judgment was rendered against all of the defendants, except plaintiff in error, who appeals from a judgment of the court below, rendered in favor of the defendant in error, making his codefendants, who defaulted, defendants in error because they had not joined in the appeal.

Plaintiff in error's brief in this case was served upon the defendants in error July 28, 1923, and no brief has been filed by the defendants in error, nor any reason given for failure to do so. The record of this court does not show any extension of time granted to the defendants in error for filing such brief, nor any application therefor. It is a well established rule of this court that it is not required to search the record to find some theory upon which the judgment of the trial court may be sustained.

An examination of plaintiff in error's brief and the authorities cited by him therein discloses that they reasonably sustain the assignments of error contained in the petition in error. In these circumstances, where the brief filed by the plaintiff in error reasonably sustains the assignments of error contained in the petition in error, the judgment will be reversed in accordance with the prayer of the petition in error. Duncan National Bank of Duncan v. First National Bank of Walters, 91 Okla. 124, 217 Pac. 160, and cases there cited.

From examination of plaintiff in error's brief, it is concluded that the judgment of the trial court should be reversed and the cause remanded to the district court of Logan county, with directions to grant a new trial in the action.

By the Court: It is so ordered.