## HAMON et al. v. KEYES et al.

No. 11987—Opinion Filed April 15, 1924.

### Appeal and Error—Failure of Defendant in Error to File Answer Brief — Rules of Court.

Where plaintiff in error has prepared, served and filed a brief as required by the rules of this court, and the defendant in error files no answer brief, and no reason is shown why same has not been filed and no order made granting an extension of time therefor, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained. Where, under the circumstances, the brief of plaintiff in error appears to reasonably sustain the assignments of error, this court may reverse the judgment in accordance with the prayer of the petition in error.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from the District Court, Cotton County; Cham Jones, Judge.

Action by Jake L. Hamon, Max Westheimer, E. Dunlap, and Fred R. Ellis, against John C. Keyes, Lawton Gas & Electric Company, and the Lone Star Gas Company. Judgment for defendants, and plaintiffs bring error. Reversed.

H. A. Ledbetter and Stevens & Richardson, for plaintiffs in error.

Chas. Mitschrich, for defendants in error.

Opinion by LOGSDON, C. In this case the death of Jake L. Hamon, one of the plaintiffs in error, has been suggested in this court and an order entered reviving the action. This renders it unnecessary to pass upon the preliminary question presented.

Upon the merits of the case plaintiffs have filed their brief in this court, but no brief has been filed by the defendants nor any excuse given for failure so to do. The records of this court do not show any extension of time granted to the defendants for filing brief nor any application therefor. It is a well established rule of this court that it is not required to search the record to find some theory upon which the judgment of the trial court may be sustained. Under the circumstances stated, where the brief filed by the plaintiffs reasonably sustains the assignments of error contained in the peti-

tion in error, the judgment will be reversed in accordance with the prayer of the petition in error. Frost v. Hailey, 63 Okla. 19, 161 Pac. 1174; Security Insurance Co. v. Droke, 40 Okla. 116, 136 Pac. 430; J. Rosenbaum Grain Co. v. Higgins, 40 Okla. 181, 136 Pac. 1073; First Nat'l Bank of Sallisaw v. Ballard, 41 Okla. 553, 139 Pac. 293.

It is, therefore, concluded that the judgment of the trial court should be reversed and the cause remanded to the district court of Cotton county, with directions to grant a new trial in the action.

By the Court: It is so ordered.