### STURGILL v. SHAFFER et al.

No. 14549—Opinion Filed Sept. 16, 1924.

#### Appeal and Error—Absence of Answer Brief —Reversal.

Where plaintiff in error has prepared, served, and filed a brief as required by the rules of this court, and the defendant in error files no answer brief, and no reason is shown why same has not been filed, and no order made granting an extension of time therefor, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained. Where, under the circumstances, the brief of plaintiff in error appears to reasonably sustain the assignments of error, this court may reverse the judgment in accordance with the prayer of the petition in error.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Payne County; C. C. Smith, Judge.

Action by Myrtle M. Sturgill against Lyle Shaffer and Tribes Oil Company. From judgment in favor of the defendant Tribes Oil Company, plaintiff brings error. Reversed.

Wilcox & Swank, for plaintiff in error.

Chester H. Lowry, for defendants in error.

Opinion by PINKHAM, C. The plaintiff in error, plaintiff below, filed in the justice court a complaint in forcible entry and detainer against the defendant Lyle Shaffer, on September 29, 1922. On October 13, 1922, the defendant Tribes Oil Company, a corporation, filed its petition in intervention asserting title to the real estate involved in the action. The case was transferred by the justice of the peace to the district court of Payne county.

In the trial of the cause in the district court judgment was rendered in favor of the defendant Tribes Oil Company against the plaintiff, Myrtle M. Sturgill.

The plaintiff has appealed the cause to this court and assigns several grounds as error for reversal of the case.

Plaintiff in error's brief in this cause was served upon the defendant in error Tribes Oil Company, on the 16th day of August, 1924.

The defendant in error has failed to file brief or to secure additional time in which to prepare, serve, and file its answer brief.

The argument and authorities found in the brief of plaintiff in error reasonably tend to support the errors assigned for reversal.

It is a well established rule of this court that it is not required to search the record to find some theory upon which the judgment of the trial court may be sustained. Duncan Nat. Bank of Duncan v. First Nat. Bank of Walters, 91 Okla. 124, 217 Pac. 160.

After a careful examination of plaintiff in error's brief, it is concluded that the judgment of the trial court should be reversed and the cause remanded for a new trial.

By the Court: It is so ordered.