## TROWER v. DEWING, Sheriff.

No. 14027—Opinion Filed Sept. 16, 1924.

### Appeal and Error—Absence of Answer Brief —Reversal.

Where plaintiff in error has prepared, served, and filed a brief as required by the rules of this court, and the defendant in error files no answer brief, and no reason is shown why same has not been filed, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained. Where, under the circumstances, the brief of plaintiff in error appears to reasonably sustain the assignments of error, this court may reverse the judgment in accordance with the prayer of the petition in error.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by George F. Trower against C. E. Dewing. From judgment in favor of the defendant, plaintiff brings error. Reversed.

H. J. Sturgis, for plaintiff in error.

Simons, McKnight & Simons, for defendant in error.

Opinion by PINKHAM, C. This is an appeal from the action of the district court of Garfield county overruling the motion of plaintiff in error to amerce the defendant for his failure to return an execution issued on the 7th day of July, 1921.

The record discloses that on the 14th day of February, 1921, plaintiff in error recovered a judgment against one P. W. Popp, in the district court of Garfield county for the sum of $284.38, with interest thereon from that date at the rate of 6 per cent. per annum, and that on the 6th day of July, 1921, he caused an execution to be issued on said judgment, which was delivered to the sheriff and thereafter returned into court on the 12th day of September, 1921, more than 60 days after its issuance.

It appears that at the time of the issuance of the execution the judgment was in full force and no part of the same had been paid. The execution was issued upon a proper

praecipe therefor filed by the plaintiff in error.

On the 14th day of February, 1922, the plaintiff in error filed his motion in the district court to amerce the sheriff for his failure to return said execution, and gave due notice to the sheriff of the filing thereof and time when the same would be heard by the court.

On the hearing of the motion plaintiff in error offered in evidence the journal entry of judgment rendered in said cause, praecipe for execution, the execution itself, and the sheriff's return therein, and the evidence of the court clerk that the execution was in fact returned on the 12th day of September, 1921.

The sheriff did not file any answer to the motion but appeared by his attorneys and offered the testimony of the deputy sheriff who handled the execution. The court admitted the testimony of the deputy sheriff as to the manner in which he had attempted to serve the execution and the excuse for its not being returned within the time fixed by law.

The testimony was objected to by the plaintiff in error.

The court thereupon overruled the motion to amerce the sheriff and rendered judgment against the plaintiff in error for costs.

The plaintiff in error makes numerous assignments of error for reversal of the action of the lower court.

The plaintiff in error filed his brief herein on March 25, 1924. No brief has been filed by the defendant in error, and two extensions of time were given to file the same, which expired June 1, 1924, and no reason assigned why brief has not been filed.

Many decisions of this court have announced the rule that when the plaintiff in error has duly filed and served brief in compliance with the rules of this court and defendant has neither filed brief nor offered excuse for failure so to do this court will not search the record to find some theory upon which the judgment may be sustained, but where the brief filed appears reasonably to sustain any assignment of prejudicial error the judgment will be reversed in accordance with the prayer of the petition in error. Duncan Nat. Bank of Duncan v. First Nat. Bank of Walters, 91 Okla. 124, 217 Pac. 160.

After an examination of plaintiff in error's brief, it is concluded that the judgment of the trial court should be reversed and the cause remanded.

By the Court: It is so ordered.