## PURCELL BRIDGE & TRANSFER CO. v. HINE.

No. 3076.   Opinion Filed December 16, 1913.

(137 Pac. 668.)

**APPEAL AND ERROR**—Scope of Review—Failure to File Brief. Where plaintiff in error has completed his record and filed it in this court and has served and filed a brief, in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for such failure, the court is not required to search the record to find some theory upon which the judgment may be sustained; and, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the plaintiff in error or the rights of the parties.

(Syllabus by the Court.)

*Error from District Court, Cleveland County;*
*R. McMillan, Judge.*

Action by the Purcell Bridge & Transfer Company against George Hine. From the judgment, plaintiff brings error. Reversed and remanded.

*J. W. Hocker,* for plaintiff in error.

KANE, J.   Originally this was a suit in equity, commenced by the plaintiff in error, plaintiff below, against the defendant in error, defendant below, to enjoin him from taking possession of and removing certain property which it is alleged he purchased at a void tax sale.   The defendant by way of answer set up his claim as purchaser under the tax proceeding, but at the trial this defense seems to have been abandoned and the cause proceeded to a determination upon the sole question as to the amount of damages the plaintiff should recover for the conversion of his property.   Upon trial to a jury there was a verdict in favor of plaintiff for $40, upon which judgment was duly entered, and the plaintiff, being dissatisfied with the amount of recovery, commenced this proceeding in error to review the action of the court below. The plaintiff has filed an exhaustive brief in this court which was duly served upon the opposite party, wherein he urges several grounds for reversal which seem to us to be well taken.   The defendant in error has filed no brief, nor is any reason given for his failure to do so.

It is well settled by numerous decisions of this court that where plaintiff in error has completed his record and filed it in this court, and has served and filed a brief, in compliance with the rules of this court, and defendant in error has neither filed a brief nor offered any excuse for such failure, the court is not required to search the record to find some theory upon which the judgment may be sustained; and, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the plaintiff in error or the rights of the parties.   In *Taby v. McMurray,* 30 Okla. 602, 120 Pac. 664, one of the latest cases holding as above, some of the authorities to the same effect may be found collected.

For the reason stated, we think the judgment should be reversed, and the cause remanded for a new trial.   It is so ordered.

All the Justices concur.