### LEE v. LOFTIS.

No. 6406.   Opinion Filed January 18, 1916.

(154 Pac. 653.)

**APPEAL AND ERROR—Failure to File Brief—Reversal.** Same as **Midland Elevator Co. v. Harrah,** 44 Okla. 154, 143 Pac. 1168.

(Syllabus by Brett, C.)

*Error from District Court, Hughes County; John Caruthers, Judge.*

Action by A. M. Loftis against Norman Lee. Judgment for plaintiff, and defendant brings error.  Reversed.

*Crump, Skinner & Anglin,* for plaintiff in error.

Opinion by BRETT, C.   The defendant in error, as plaintiff below, recovered a judgment against the plaintiff in error, as defendant below, in the sum of $66.47.  The defendant in error in 1910 purchased a tract of land from the plaintiff in error, which had a mortgage of $1,000 against it, which the defendant in error assumed and agreed to pay.  The evidence shows that subsequent to the purchase the defendant in error paid $16.12 taxes on this real estate; also, $50.25 interest on the mortgage.  But the plaintiff in error insists that the evidence fails to dis-

close that defendant in error was not under obligation to pay these taxes, or was not reimbursed; and further insists that the evidence does not disclose whether the amount paid as interest was for past-due interest or interest which accrued after the assumption of the mortgage by the defendant in error, and, upon the theory that the evidence therefore did not show any liability upon which a judgment against the plaintiff in error could be based, he demurred to the evidence, which demurrer was overruled by the court. The plaintiff in error elected to stand upon his demurrer, and offered no evidence. Judgment was rendered by the court, in favor of defendant in error, for these two items.

This cause was duly filed in this court May 14, 1914, and the brief of the plaintiff in error was filed May 29, 1914. The defendant in error has filed no brief, and assigns no reason for his failure to do so. We have examined the brief of plaintiff in error, and find it reasonably supports his contention. We will therefore not search the record to find some theory upon which the judgment may be sustained. And upon the authority of *Midland Elevator Co. v. Harrah,* 44 Okla. 154, 143 Pac. 1168, and the authorities therein cited, we recommend that the judgment be reversed, and the cause remanded.

By the Court: It is so ordered.