JOHNSTON, Sheriff, et al. v. BRADLEY.

No. 8165—Opinion Filed Jan. 29, 1918.

Rehearing Denied March 26, 1918.

(171 Pac. 724.)

**Appeal and Error — Briefs — Reversal.**

Where plaintiff in error has completed his record and filed it in this court and has served and filed brief, in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for such failure, the court is not required to search the record to find some theory upon which the judgment may be sustained; and, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the plaintiff in error or the rights of the parties.

(Syllabus by Bleakmore, C.)

Error from County Court, Sequoyah County; W. B. Wall, Judge.

Action between John E. Johnston, Sheriff of Sequoyah County, and another and Sallie Bradley. Judgment for the latter, and the former bring error. Reversed, and cause remanded for new trial.

McCombs & McCombs, for plaintiffs in error.

A. T. West, for defendant in error.

Opinion by BLEAKMORE, C. This proceeding is properly before the court; the petition in error and case-made having been filed on April 3, 1916. Plaintiffs in error, in compliance with the rules of the court, have served and filed their brief, which appears reasonably to sustain the assignments of error, but defendant in error has neither filed a brief nor offered excuse for such failure. The established rule in this case is that:

"Where plaintiff in error has completed his record and filed it in this court, and has served and filed a brief, in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for such failure, the court

is not required to search the record to find some theory upon which the judgment may be sustained; and, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the plaintiff in error or the rights of the parties." Purcell Bridge & Transfer Co. v. Hine, 40 Okla. 200, 137 Pac. 668.

The judgment of the trial court should be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.