## CHICAGO, R. I. & P. RY. CO. v. MACKEY, County Treasurer, et al.

(170 Pac. 898.)

No. 8347—Opinion Filed Feb. 5, 1918.

**1. Appeal and Error—Failure to File Brief —Reversal.**

Where plaintiff in error has completed his record and filed it in this court and has served and filed a brief, in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for such failure, the court is not required to search the record to find some theory upon which the judgment may be sustained; and, where the brief filed appears reasonably to sustain the assignment of error, the court may reverse the judgment in accordance with the prayer of the plaintiff in error or the rights of the parties.

(Syllabus by Bleakmore, C.)

Error from District Court, Hughes County; John Caruthers, Judge.

Action between the Chicago, Rock Island & Pacific Railroad Company and B. W. Mackey, County Treasurer of Hughes County, and another. Judgment for the latter, and the former brings error. Reversed and remanded for a new trial.

John E. Du Mars, C. O. Blake, R. J. Roberts, and W. H. Moore, for plaintiff in error.

Tom H. Fancher, for defendants in error.

Opinion by BLEAKMORE, C. This case is properly before the court, petition in error and case-made having been filed on May 26, 1916. Plaintiff in error, complying with the rules of the court, has served and filed its brief, which appears reasonably to sustain the assignments of error, but defendant in error has neither filed a brief nor offered excuse for such failure. The general rule in such case is:

"Where plaintiff in error has completed his record and filed it in this court and has served and filed a brief, in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for such failure, the court is not required to search the record to find some theory upon which the judgment may be sustained; and, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment

in accordance with the prayer of the plaintiff in error or the rights of the parties." Purcell Bridge & Transfer Co. v. Hine, 40 Okla. 200, 137 Pac. 668.

The judgment of the trial court should be reversed and the cause remanded for a new trial.

By the Court: It is so ordered.