## INVESTORS MORTGAGE SECURITY CO., LTD., et al. v. BILBY et al.

No. 9704—Opinion Filed April 13, 1920.

(Syllabus by the Court.)

**Appeal and Error—Failure to File Brief—Reversal.**

Where plaintiff in error has completed his record and filed it in this court, and has served and filed a brief in compliance with the rules of the court, and the defendant in error has neither filed a brief nor offered any excuse for such failure, this court is not required to search the record to find some theory upon which the judgment below may be sustained; but, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the case in accordance with the prayer of the petition of plaintiff in error.

Error from District Court, Hughes County; Geo. C. Crump, Judge.

Action by the Investors Mortgage Security Company, Limited, against Nicholas V. Bilby and others; Willard P. Holmes being made a party defendant. From the judgment, plaintiff and Holmes bring error. Reversed and remanded.

Stephen C. Treadwell and I. R. McQueen, for plaintiffs in error.

Lewis C. Lawson, for defendants in error.

KANE, J. This was an action, commenced by the plaintiff in error, Investors Mortgage Security Company, a corporation, as plaintiff, against the defendants in error, as defendants, upon a promissory note and to foreclose a mortgage given to secure the payment thereof. In the court below the plaintiff in error Willard P. Holmes was made a party defendant, whereupon he filed an answer and cross-petition wherein he prayed for judgment upon certain commission notes payable to him, growing out of the same transaction, and for the foreclosure of the mortgage given to secure them. The cause was tried before the court, and resulted in judgment for the plaintiff in the sum of $3,831.70, with 7½ per cent. interest per annum from July 1, 1915, until paid. At the

time of the trial two of the commission notes had been paid, and the trial court found that they were in fact interest notes, and not commission notes, and allowed the payment of the two commission notes as a credit on the interest due on the principal note, entering judgment for plaintiff for the principal debt, $3,800, and the remainder of the interest coupons. Exceptions were saved by the plaintiff and appeal was taken from the part of the judgment which held that the alleged interest notes were in fact commission notes. Willard P. Holmes also appealed from the part of the judgment declaring his commission note of $126.65 to be an interest note and ordering the same cancelled. After this proceeding in error was filed in this court Willard P. Holmes died, and thereafter an order was entered reviving the cause in the name of his administrators, E. E. Holmes and B. E. Jennings.

In the brief of counsel for plaintiffs in error it is insisted on the part of counsel for the Investors Mortgage Security Company that there is no evidence to be found in the record to sustain the findings of the trial court that the coupon for $285 should be credited with $253.30, and by the same counsel, on the part of the cross-petitioner, that there is no evidence in the record to show that the note for $126.65 sued on by him was an interest note.

Counsel have incorporated an abstract of the record in their brief as required by rule of court which seems to sustain their contention on these points.

There is no appearance by the defendants in error, either by counsel or in person, and no question is raised as to the correctness of the transcript presented by counsel for the other side. In these circumstances, we are not required to search the record for grounds upon which to sustain the judgment of the trial court.

By a long line of authorities it is held that:

"Where plaintiff in error has completed his record and filed it in this court; and has served and filed a brief in compliance with the rules of the court, and the defendant in error has neither filed a brief nor offered any excuse for such failure, this court is not required to search the record to find some theory upon which the judgment below may be sustained; but, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the case in accordance with the prayer of the petition of plaintiff in error." Loveland v. Tant, 75 Okla. 12, 181 Pac. 302; Butler v. McSpadden, 25 Okla. 465, 107 Pac. 170; Ellis et al. v. Outler et al., 25 Okla. 469, 106 Pac. 957; Buckner v. Okla-

homa Nat. Bank of Shawnee et al., 25 Okla. 472, 106 Pac. 959.

For the reasons stated, the judgment of the trial court is reversed and the cause remanded for a new trial upon the questions passed upon herein.

All the Justices concur, except HARRISON, J., not participating.