## STINCHCOMB et al. v. OKLAHOMA CITY.

No. 9937—Opinion Filed April 5, 1921.

(Syllabus.)

### Appeal and Error—Failure to File Brief—Reversal.

Where the defendant in error fails to file a brief and has not offered any excuse for such failure, and the plaintiff in error has filed a complete record in the Supreme Court and has served and filed a brief in compliance with the rules of the court, the Supreme Court is not required to search such record to find some theory upon which the judgment below may be sustained; and, where the brief filed by the plaintiff in error appears to reasonably sustain his assignments of error, the court may reverse the case in accordance with the prayer of the petition of the plaintiff in error.

Error from District Court, Canadian County; Edward Dewes Oldfield, Judge.

Action to condemn land by Oklahoma City against Lee Stinchcomb and another. From the judgment defendants bring error. Reversed and remanded.

G. A. Paul, for plaintiffs in error.

Ruth & Price, for defendant in error.

ELTING, J. This is an action in and for the district court of Canadian county, state of Oklahoma, brought by the city of Oklahoma City, a municipal corporation, plaintiff, against Lee Stinchcomb et al., tried before the Hon. Edward Dewes Oldfield; filed February 21, 1917, to condemn 27.02 acres belonging to the defendants to be used by the city for the purpose of constructing a system of waterworks for the use of said city. Commissioners were appointed, and filed a report on March 21, 1917, awarding the defendants below, plaintiffs in error herein, the sum of $2,000 as the value of the 27.02 acres taken, and the sum of $700 as damages to the remainder of the tract of land, and defendants in due time filed their demand for a jury trial, and on the 12th day of November, 1917, the cause came on for trial before a jury, and the defendants below, plaintiffs in error herein, were awarded by said jury the sum of $1,891.40 for the value of the land taken and $1,080 for damage to the rest of the tract of land. On the 14th day of November, 1917, plaintiffs in error filed their motion for new trial and the same was overruled by the trial court, whereupon this cause was appealed to this court by petition in error supported by a record of the trial, otherwise called a case-made.

The date of the filing of said record was the 13th of May, 1918. The petition in error contains three assignments of error: (1) That said court erred in overruling motion of the plaintiffs in error for a new trial. (2) The judgment of the court is not sustained by the law. (3) The judgment of the court is not sustained by the evidence.

On November 20, 1920, plaintiffs in error filed their brief. The defendant in error has filed no brief and has shown no cause why it has not done so. The brief of the plaintiffs in error first contains a statement of the pleadings, of the requested instructions of the plaintiffs in error, defendants below, nine in number, that were tendered to the court and refused by the court, and set out instruction No. 5 which was given by the court, to which the plaintiffs in error excepted, and the giving of which instruction, the plaintiffs in error contend in their brief, worked injury and was erroneous and should not have been given.

Then they give a brief statement of the facts. The closing part of their brief contains the argument. The argument covers four propositions. The substance of the first proposition is: That the court erred in limiting the amount of damage to be recovered to the remainder of the land not taken that was located in Canadian county and denying them the right to consider the damage to the entire tract, the greater part of which was located in Oklahoma county.

The record shows that another suit had been tried in Oklahoma county, condemning another portion of the same farm involved in the instant suit. The record does not show as to just what was done in this former suit, but it would not be unreasonable to conclude that in the trial of the former suit the trial judge had protected the rights of the parties, and limited the jury to only grant such recovery as the law allowed. It would not be right to permit the recovery of double damages, but the suit in Oklahoma county involved the determination of damage in another and different taking from what was involved in the instant suit. We cannot understand by what reasoning it could be held that the plaintiffs in error, defendants below, should not have the right to recover the value of the lands condemned in this new taking and the damage done to the rest of the tract by reason of such new taking; meaning by the tract the entire tract, notwithstanding a geographical line ran across this land constituting the boundary line between two counties.

On the rule of damage in condemnation proceedings under a constitutional provision like our own, see Lake Erie & Western Railway Co. v. Scott (Ill.) 8 L. R. A. 330, and notes thereto. Also Rigney v. Chicago, 102 Ill. 64.

The second proposition set forth in the plaintiffs in error's brief was that the court committed error in limiting the proofs of the owner of the farm upon the question of value and damages to its use as an agricultural farm, and in denying the owner the right to prove further uses to which the farm was being put or might be put.

The third proposition was that the court erred in denying the owner of the land the right to prove the value of the growing timber on the 27.02 acres of land, to be considered by the jury in arriving at the amount of damage done.

The fourth proposition was that the court erred in giving instruction No. 5, because the same was prejudicial to the rights of the defendants, plaintiffs in error herein. The objection was that said instruction was an invasion of the province of the jury, in that the court told the jury that certain opinions expressed upon the witness stand, being varying and conflicting, hence were not to be controlling on the judgment of the jury. They also made objections to other instructions given by the court, for the reason that they were merely statements of abstract principles of law. They also cite error of the court in refusing to give the requested instructions asked by the defendants below, plaintiffs in error, embracing instructions upon particular phases of the case and covering certain phases of the evidence.

These propositions are supported by the argument of the counsel and by authorities which seem to reasonably support their theory of the law as applicable to the issues and facts in the instant case, and which law they were denied the benefits of by the court below.

As heretofore stated, the defendant in error failed to file a brief herein, nor has it shown this court any reason why it should not be held responsible for such failure. Under the numerous rulings of this court, it is held that where the plaintiff in error files a complete record in this court and a brief in compliance with the rules of this curt, and the defendant in error has filed no brief and shown no cause why he has failed, and the argument of the plaintiff in error in his brief and the authorities given therein reasonably support the assignments of error set forth in the petition in error, this court may reverse the case and grant the prayer of the petitioner in error. It is not incumbent upon this court to search the record and the law books under such state of the record to find some theory upon which the judgment of the court below may be upheld. It is not necessary for this court to cite authorities upon this well known rule.

It is, therefore, ordered that this cause be reversed and remanded for another trial.

HARRISON, C. J., and KANE, JOHNSON, MILLER, and KENNAMER, JJ., concur.