## HARRISON v. M. KOEHLER CO.

No. 9964—Opinion Filed May 17, 1921.

(Syllabus.)

Appeal and Error—Review—Failure of Defendant in Error to File Brief.

In an action appealed to this court, where the plaintiff in error filed brief showing service upon the defendant in error and no brief is filed by the defendant in error and no reason given showing why the defendant in error has not filed brief, this court is not required to search the record to find some theory upon which the judgment below may be sustained; but, where the brief filed by the plaintiff in error reasonably sustains the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition in error.

Error from District Court, Comanche County; Cham Jones, Judge.

Action by C. W. Harrison against the M. Koehler Company upon promissory note. Judgment for defendant, and plaintiff ap-

peals. Reversed and remanded, with directions to grant a new trial.

A. J. Welch, for plaintiff in error.

KENNAMER, J. This was an action upon a promissory note tried in the district court of Comanche county on the 7th day of November, 1917. At the close of the testimony introduced on behalf of the plaintiff and defendant, both parties moved the court for an instructed verdict. The court sustained the motion of the defendant and instructed a verdict in its favor. Judgment was entered in accordance with the verdict of the jury. To reverse the judgment, the plaintiff prosecutes this appeal and urges four assignments of error:

"1. The court erred in overruling plaintiff's motion for a directed verdict for plaintiff at the close of the evidence.

"2. The court erred in directing a verdict for the defendant.

"3. The verdict and judgment were contrary to the admissions in the pleadings and contrary to the evidence in the case, and was not supported by any competent evidence.

"4. The court erred in overruling plaintiff's motion for a new trial."

The record discloses that the brief of the plaintiff in error was served upon counsel for the defendant in error on July 1, 1918. No brief has been filed by the defendant in error, nor any reason presented for failure to file brief. The brief of plaintiff in error appears reasonably to sustain the assignments of error, and under numerous decisions of this court we are not required to search the record to find some theory upon which the judgment below may be sustained. Security Ins. Co. v. Droke, 40 Okla. 116, 136 Pac. 430; J. Rosenbaum Grain Co. v. Higgins, 40 Okla. 181, 136 Pac. 1073.; Purcell Bridge & Transfer Co. v. Hine, 40 Okla. 200, 137 Pac. 668; First Nat. Bank of Sallisaw v. Ballard, 41 Okla. 553, 139 Pac. 293; DeHart Oil Co. v. Smith, 42 Okla. 201, 140 Pac. 1154; Frost v. Haley, 63 Okla. 19, 161 Pac. 1174.

The judgment of the trial court is reversed, and cause remanded with direction to grant a new trial.

HARRISON, C. J., and KANE, MILLER, and NICHOLSON, JJ., concur.