## OBIALERO v. HENRYETTA SPELTER CO.

No. 10209—Opinion Filed May 31, 1921.

Rehearing Denied July 19, 1921.

(Syllabus.)

### Appeal and Error—Review—Failure of Defendant in Error to File Brief—Reversal.

In an action appealed to this court, where the plaintiff in error filed brief showing service upon the defendant in error, and no brief is filed by the defendant in error, and no reasons given showing why the defendant in error has not filed brief, this court is not required to search the record to find some theory upon which the judgment below may be sustained; but, where the brief filed by the plaintiff in error reasonably sustains the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition in error.

Error from Superior Court, Okmulgee County; R. E. Simpson, Judge.

Action by Andy Obialero against the Henryetta Spelter Company to abate nuisance and for damages. From the judgment, both parties bring error. Reversed and remanded.

W. N. Redwine and E. C. Marinelli, for plaintiff in error.

JOHNSON, J. This is an appeal from the superior court of Okmulgee county; Hon. R. E. Simpson, Judge.

On October 12, 1916, the plaintiff in error, as plaintiff below, commenced an action against the defendant, a corporation, to abate a nuisance by injunction and to recover damages already accrued on account of such nuisance, and thereafter the cause was transferred to the superior court, where the same was tried on the 3rd day of April, 1918. The injunction feature was tried to the court, and the action for damages to a jury and resulted in a verdict and judgment in favor of the plaintiff for damages in the sum of $275 and the judgment by the court denying injunction. From both judgments the plaintiff has appealed, and from the judgment for damages the defendant has filed its cross-appeal. The parties, for convenience, will hereinafter be referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

The plaintiff's petition in error contains 17 specifications of error, and the defendant's cross-petition in error contains six specifications of error.

The record discloses that on February 1, 1921, this cause was set for submission on April 19, 1921, and that thereafter, on April 24, 1921, brief of plaintiff in error was served upon counsel for defendant in error, and thereafter filed in this court. No brief has been filed by the defendant in error, nor any reason presented for failure to file brief. The brief of plaintiff in error appears reasonably to sustain the assignments of error, and, under numerous decisions of this court, we are not required to search the record to find some theory upon which a judgment below may be sustained. Security Ins. Co. v. Droke, 40 Okla. 116, 136 Pac. 340; J. Rosenbaum Grain Co. v. Higgins, 40 Okla. 181, 136 Pac. 1073; Purc 11 Bridge & Transfer Co. v. Hine, 40 Okla. 200, 137 Pac. 668; First Nat. Bank of Sallisaw v. Ballard, 41 Okla. 553, 139 Pac. 293; DeHart Oil Co. v. Smith, 42 Okla. 201, 140 Pac. 1154; Frost v. Haley, 63 Okla. 19, 161 Pac. 1174.

Therefore, both judgments of the trial court are reversed, and the cause remanded, with direction to grant in each a new trial.

HARRISON, C. J., and MILLER, ELTING. and KENNAMER, JJ., concur.