INCORPORATED TOWN OF KUSA v. BOUGGOUS.

No. 10194—Opinion Filed July 5, 1921.

(Syllabus.)

**Appeal and Error—Failure to File Brief— Reversal.**

Where the defendants in error fail to file a brief and have not offered any excuse for such failure, and the plaintiff in error has filed a complete record in the Supreme Court and has served and filed a brief in compliance with the rules of the court, the Supreme Court is not required to search such record to find some theory upon which the judgment below may be sustained; and, where the brief filed by the plaintiff in error appears to reasonably sustain his assignments of error, the court may reverse the case in accordance with the prayer of the petition of the plaintiff in error.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by Thomas J. Bouggous against the Incorporated Town of Kusa. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

W. E. Foster, for plaintiff in error.

Beckett, Roland & Long, for defendant in error.

ELTING, J. This suit was begun in the district court of Okmulgee county, Oklahoma, by Thomas J. Bouggous against the incorporated town of Kusa, Oklahoma, by filing a petition on March 12, 1917. Said petition alleged that the town of Kusa was a municipal corporation organized under the laws of the state of Oklahoma, and that the said town was indebted to the plaintiff in the sum of $593.75 for services as town marshal, and that his claim had been allowed at a regular meeting of the town board of trustees and that the clerk of the town had issued warrants to the plaintiff for said amount; that said warrants were presented to the treasurer of the town for payment and payment was denied because there was no money to pay the same; prayer for judgment against the town for said sum and interest.

The Kusa Townsite & Improvement Company filed an intervention in the suit as a taxpayer, seeking to defend against said suit, but said intervention was dismissed and afterwards the incorporated town of Kusa filed its answer, admitting its incorporation, but stated it was not liable for the reason that no estimate had ever been made and approved by the excise board and that no taxes had been levied and assessed for any town purpose on any property within the town of Kusa for the year 1916, nor had the same been done for the fiscal year ending June 30, 1917, and that the indebtedness attempted to be created for which the plaintiff sued and for which town warrants were issued and delivered by defendant's former town officials to plaintiff in payment or attempted payment of said services rendered by the plaintiff, was created and incurred in excess of the income and revenue provided for the years 1916-1917 and covering the fiscal year end-

ing June 30, 1917, and without the assent of three-fifths of the voters of the said defendant town, and said indebtedness was incurred before any provisions had been made by the defendant town to pay said indebtedness as provided by section 26 of article 10 of the Constitution of the state of Oklahoma and chapter 80 of the Session Laws of the state for 1910-11.

There was an agreed statement of fact entered into between the parties in which the facts set forth in the petition as to the indebtedness and in the answer of the town were admitted. Cause went to trial before the court, and the court directed judgment for the plaintiff. Defendant filed a motion for a new trial, which was also overruled, notice of appeal was given, and appeal was prayed to the Supreme Court and the same filed in this court August 24, 1918.

The plaintiff in error filed a brief in this court in addition to filing its petition in error and case-made, and has complied with all the requirements and rules of this court as to an appeal. The defendant in error has failed to file a brief and has offered no excuse for such failure. The following rule has been laid down by this court in numerous cases:

"Where the defendants in error fail to file a brief and have not offered any excuse for such failure, and the plaintiff in error has filed a complete record in the Supreme Court, the Supreme Court is not required to search such record to find some theory upon which the judgment below may be suspended, and where the brief filed by the plaintiff in error appears to reasonably sustain his assignments of error, the court may reverse the case in accordance with the prayer of the petition of the plaintiff in error."

We have examined the brief of the plaintiff in error in this case, and the same appears to reasonably sustain its assignments of error. In cases where there is an agreed statement of facts, this court can, after examination of said facts, if said facts warrant the same, enter judgment upon the merits. This court will not do this in this case, but will reverse the judgment and remand the cause for another trial.

This cause is, therefore, reversed and remanded for a new trial.

PITCHFORD, V. C. J., and McNEILL, MILLER, and NICHOLSON, JJ., concur.