**CHEROKEE MILLS v. LEWIS et al.**

No. 10968—Opinion Filed May 8, 1923.

(Syllabus.)

**Appeal and Error—Failure of Defendant in Error to File Brief—Reversal.**

It is well settled that where the plaintiff in error has filed a complete record in the Supreme Court and has served and filed a brief in compliance with the rules of the court, and the defendant in error has neither filed a brief nor offered any excuse for such failure, the Supreme Court is not required to search the record to find some theory upon which the judgment below may be sustained; and, where the brief filed by the plaintiff in error appears to reasonably sustain his assignments of error, the court may reverse the case in accordance with the prayer of the petition of the plaintiff in error.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by the Cherokee Mills against M. H. Lewis and Roy Emenhiser, doing business under firm name of Lewis & Emenhiser, for damages for refusal to accept goods sold. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

Tibbetts & Green, for plaintiff in error.

John F. Williams, for defendants in error.

HARRISON, J. This was an action by plaintiff in error in the court below against defendants in error in the court below, for the recovery of damages alleged to have been sustained by plaintiff in error for an alleged breach of contract between plaintiff and defendants; the contract in question and the breach thereof being, as alleged, that plaintiff in error contracted to sell and deliver to defendants in error certain manufactured products, consisting of flour, bran, and other products of a mill; that defendants refused to receive such products as agreed in the alleged contract to be delivered, and thereby damaged plaintiff in error in the sum sued for.

The trial court sustained a demurrer to plaintiff in error's evidence as not being sufficient to establish the proper measure of damages, nor to entitle plaintiff to recover.

In the proceedings here, the plaintiff in error has filed petition in error, with complete case-made attached and brief; the defendants in error have not filed brief, nor offered any excuse for failure to do so.

It has become a settled rule of this court that where plaintiff in error has filed a complete record herein and has filed and served brief in compliance with the rules of this court, and the defendant in error has filed no brief, nor offered any excuse for failure to do so, this court is not required to search the record to find some theory upon which the judgment properly may be sustained, and where the brief filed by plaintiff in error appears to reasonably sustain his assignments of error, this court may reverse the case in accordance with the prayer of petition in error.

This rule has been followed in the following cases: Investors' Mtg. Security Co. v. Bilby, 78 Okla. 146, 189 Pac. 190; Mass. Bonding & Ins. Co. v. Lewis, 80 Okla. 187, 195 Pac. 494; One Certain Hupmobile v. State, 81 Okla. 73, 196 Pac. 675; C., R. I. & P. Ry. Co. v. Runkles, 81 Okla. 106, 197 Pac. 153; Lawton Nat. Bank v. Ulrich, 81 Okla. 159, 197 Pac. 167; Stinchcomb v. Oklahoma City, 81 Okla. 102, 197 Pac. 437; Harrison v. M. Koehler Co., 82 Okla. 26, 198 Pac. 295; Obialero v. Henryetta Spelter Co., 82 Okla. 274, 200 Pac. 143; Russell &

Washington v. Robertson, 82 Okla. 283, 200 Pac. 150; Incorporated Town of Kusa v. Bouggous, 82 Okla. 204, 200 Pac. 154; W. G. Brown v. C. M. Eddings, 88 Okla. 30, 210 Pac. 1021; also Jas. Goff v. W. J. Lathan, 89 Okla. 242, 214 Pac. 1067.

In the latter case, by Mr. Justice Kane, the syllabus is as follows:

"It is well settled that where the plaintiff in error has filed a complete record in the Supreme Court and has served and filed a brief in compliance with the rules of the court, and the defendant in error has neither filed a brief nor offered any excuse for such failure, the Supreme Court is not required to search the record to find some theory upon which the judgment below may be sustained; and, where the brief filed by the plaintiff in error appears to reasonably sustain his assignments of error, the court may reverse the case in accordance with the prayer of the petition of the plaintiff in error."

For the reasons stated, the judgment of the trial court is reversed, and cause remanded for a new trial.

JOHNSON, C. J., and McNEILL, KANE, and KENNAMER, JJ., concur.