## GOFF v. LATHAN.

No. 11004—Opinion Filed May 8, 1923.

(Syllabus.)

**Appeal and Error — Failure of Defendant in Error to File Brief—Reversal.**

It is well settled that where the plaintiff in error has filed a complete record in the Supreme Court and has served and filed a brief in compliance with the rules of the court, and the defendant in error has neither filed a brief nor offered any excuse for such failure, the Supreme Court is not required to search the record to find some theory upon which the judgment below may be sustained; and, where the brief filed by the plaintiff in error appears to reasonably sustain his assignments of error, the court may reverse the case in accordance with the prayer of the petition of the plaintiff in error.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action between W. J. Lathan and James Goff. From the judgment the latter brings error. Reversed and remanded, with directions.

Wyatt & Waldrep, for plaintiff in error.

Mark Goode, for defendant in error.

KANE, J. In this proceeding in error counsel for plaintiff in error have filed a brief which appears to reasonably sustain their assignments of error.

The defendant in error has filed no brief and has offered no excuse for failure to do so.

"It is well settled that where the plaintiff in error has filed a complete record in the Supreme Court and has served and filed a brief in compliance with the rules of the court, and the defendant in error has neither filed a brief nor offered any excuse for such failure, the Supreme Court is not required to search the record to find some theory upon which the judgment below may be sustained; and, where the brief filed by the plaintiff in error appears to reasonably sustain his assignments of error, the court may reverse the case in accordance with the prayer of the petition of the plaintiff in error." Investors' Mortgage Security Co. v. Bilby, 78 Okla. 146, 189 Pac. 190; Massachusetts Bonding & Ins. Co. v. Lewis, 80 Okla. 787, 195 Pac. 494; One Certain Hupmobile v. State, 81 Okla. 73, 196 Pac. 675; Chicago, R. I. & P. R. Co. v. Runkles, 81 Okla. 106, 197 Pac. 153; Lawton National Bank v. Ulrich, 81 Okla. 159, 197 Pac. 167; Stinchcomb v. Oklahoma City, 81 Okla. 102, 197 Pac. 437; Harrison v. M. Koehler Co., 82 Okla. 26, 198 Pac. 295; Obialero v. Henryetta Spelter Co., 82 Okla. 274, 200 Pac. 143; Russell & Washington v. Robertson, 82 Okla. 283, 200 Pac. 150; Incorporated Town of Kusa v. Bouggous, 82 Okla. 204, 200 Pac. 154; W. G. Brown v. C. M. Eddings, 88 Okla. 30, 210 Pac. 1021.

For the reason stated, the judgment of the trial court is reversed, and the cause remanded, with directions to grant a new trial.

JOHNSON, C. J., and McNEILL, KENNAMER, and HARRISON, JJ., concur.