## GORDON v. MESSER.

No. 11375—Opinion Filed July 3, 1923.

**Appeal and Error—Failure to File Brief—Reversal.**

Where plaintiff in error has completed his record and filed it in this court, and has served and filed his brief in compliance with the rules of this court, and defendant in error has neither filed brief nor offered any excuse for such failure, this court is not required to search the record to find some theory upon which the judgment below may be sustained; but where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the case in accordance with the prayer of the petition of the plaintiff in error.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Choctaw County; G. M. Barrett, Judge.

Action by C. G. Messer against Robert Gordon. From judgment in favor of plaintiff, defendant brings error. Reversed and remanded.

Dickson & Carter, for plaintiff in error.

Opinion by RUTH, C. This is an action originally filed in the justice of the peace court in and for Choctaw county, Okla., by C. G. Messer against Robert Gordon, wherein the said C. G. Messer brings an action against the defendant Gordon, wherein he claims certain commissions for the sale of real estate. For convenience the parties will be designated as they appeared in the court below.

It appears from the bill of particulars of the plaintiff filed in the justice of the peace court that the defendant, Gordon, was the owner of certain lands in Choctaw county which he desired to sell, and the defendant listed the said lands with the plaintiff for sale, the plaintiff being a real estate agent in the city of Hugo. The agreed commission was five per cent. The plaintiff claims in his bill of particulars that he sold a portion of the said lands to one Boardner for the sum of $3,000, and that Boardner left a check in Messer's office for the sum of $25 to bind the bargain, and the plaintiff further alleges that after selling the land to Boardner, the defendant, Gordon, refused to consummate the deal.

After trial had in the justice court, the cause was appealed to the district court, where the defendant Gordon filed his "bill of particulars," which we have here considered as his answer, in which he sets up as a defense that he agreed to pay Messer five per cent. of the amount of cash that he, Gordon, should receive for the land after deducting the existing loan from the purchase price, the existing loan being $2,500 held by the State School Land Department, and further sets up as a defense that he advised Messer that he had already disposed of the oil and mineral rights on said land, and wanted it specifically understood that no rights as to oil or mineral should be conveyed but same would be specially reserved for the use and benefit of the defendant, Gordon, and other parties. The defendant, Gordon, further alleges in his defense that when the plaintiff, Messer, showed him the written memoranda signed by one O. F. Boardner, that no provision was made for the reservation of the oil and mineral rights, nor did the memoranda make any reference to the loan, and further defending, the defendant, Gordon, says that when the deed was presented to him for his signature it did not contain provisions with respect to the reservation of the oil and mineral rights, and for that reason he refused to sign the deed, and that he was

willing and ready at all times to close the deal under the original conditions.

The cause was regularly tried to a jury in the district court of Choctaw county, and judgment was rendered for the plaintiff, Messer, and defendant perfected his appeal to this court, where he, in due time, filed his brief, which was duly served upon the defendant in error, plaintiff below, and service accepted, but no brief has been filed by the defendant in error. Where plaintiff in error has completed his record and filed it in the Supreme Court and has served and filed a brief in compliance with the rules of the court, and the defendant in error has neither filed a brief nor offered any excuse for such failure, the Supreme Court is not required to search the record to find some theory upon which the judgment of the court below may be sustained; but where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the case in accordance with the prayer of the petition of plaintiff in error. A. F. Shapleigh Hardware Co. v. Pritchard, 25 Okla. 808, 108 Pac. 360; School District No. 39, Pottawatomie County, v. Shelton, 26 Okla. 229, 109 Pac. 67; Butler v. Stinson, 26 Okla. 216, 108 Pac. 1103; Ellis v. Outler, 25 Okla. 469, 106 Pac. 959; Buckner v. Oklahoma Nat. Bank, 25 Okla. 472, 106 Pac. 959; Incorporated Town of Kusa v. Bouggous, 82 Okla. 204, 200 Pac. 154; Obialero v. Henryetta Spelter Co., 82 Okla. 274, 200 Pac. 143; Russell & Washington v. Robertson, 82 Okla. 283, 200 Pac. 150.

. The defendant in error, Messer, having failed to file briefs in this court, we are constrained to abide by the rule established in this court in a long line of decisions and must consider the case from the position of the plaintiff in error who had filed necessary briefs as prescribed by the rules of this court, and from the brief and evidence therein set out, we are constrained to hold that there was insufficient evidence to warrant the verdict of the jury, and for the reasons herein stated, this cause should be reversed and remanded to the district court of Choctaw county, with instructions to grant the plaintiff in error a new trial. Reversed and remanded.

By the Court: It is so ordered.