## NELSON et al. v. BLASDEL.

No. 11604—Opinion Filed July 24, 1923.

### (Syllabus.)

**Appeal and Error—Failure of Defendant in Error to File Brief—Reversal.**

It is well settled that where the plaintiff in error has filed a complete record in the Supreme Court and has served and filed a brief in compliance with the rules of the court, and the defendant in error has neither filed a brief nor offered any excuse for such failure, the Supreme Court is not required to search the record to find some theory upon which the judgment below may be sustained; and, where the brief filed by the plaintiff in error appears to reasonably sustain his assignments of error, the court may reverse the case in accordance with the prayer of the petition of the plaintiff in error.

Error from District Court, Garfield County; James B. Cullison, Judge.

Action between Nettie L. Blasdel and Jack Nelson and another. From the judgment, the latter bring error. Reversed and remanded.

Simons & McKnight, for plaintiffs in error.

H. J. Sturgis, for defendant in error.

KANE, J. In this proceeding in error counsel for plaintiffs in error filed a brief which appears to reasonably sustain their assignments of error.

The defendant in error has filed no brief, and has offered no excuse for failure to do so.

It is well settled that where the plaintiff in error has filed a complete record in the Supreme Court and has served and filed a brief in compliance with the rules of the court, and the defendant in error has neither filed a brief nor offered any excuse for such failure, the Supreme Court is not required to search the record to find some theory upon which the judgment below may be sustained; and where the brief filed by the plaintiff in error appears to reasonably sustain his assignments of error, the court may reverse the case in accordance with the prayer of the petition of the plaintiff in error. Investors' Mortgage Security Co. v. Bilby, 78 Okla. 146, 189 Pac. 190; Massachusetts Bonding & Ins. Co. v. Lewis, 80 Okla. 787, 195 Pac. 494; One Certain Hup-

mobile v. State, 81 Okla. 73, 196 Pac. 675; Chicago, R. I. & P. Ry. Co. v. Runkles, 81 Okla. 106, 197 Pac. 153; Lawton National Bank v. Ulrich, 81 Okla. 159, 197 Pac. 167; Stinchcomb v. Oklahoma City, 81 Okla. 102. 197 Pac. 437; Harrison v. M. Koehler Co., 82 Okla. 26, 198 Pac. 295; Obialero v. Henryetta Spelter Co., 82 Okla. 274, 200 Pac. 143; Russell & Washington v. Robertson, 82 Okla. 283, 200 Pac. 150; Incorporated Town of Kusa v. Bouggous, 82 Okla. 204, 200 Pac. 154; W. G. Brown v. C. M. Eddings, 88 Okla. 30, 210 Pac. 1021; James Goff v. W. J. Lathan, 89 Okla. 242, 214 Pac. 1067.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded, with directions to grant a new trial.

All the Justices concur.