**J. W. CROWDUS DRUG CO. v. VAN DOREN et al.**

No. 12273—Opinion Filed Oct. 30, 1923.

1. **Appeal and Error—Failure of Defendant in Error to File Brief—Review.**

Where defendant in error chooses not to aid the Supreme Court with a brief, and the brief of the plaintiff in error appears reasonably to support the assignment of error, it is not the duty of the Supreme Court to search the record with a view to ascertaining some possible theory on which the judgment may be affirmed.

2. **Same—Brief of Plaintiff in Error—Sufficiency.**

Brief of the plaintiff in error considered, and the same reasonably tends to support the assignments of error.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from County Court, Carter County; M. F. Winfrey, Judge.

Action by J. W. Crowdus Drug Company against C. P. Van Doren et al. to recover on five promissory notes. From judgment in favor of defendants, plaintiff brings error. Reversed and remanded.

Potterf & Gray, for plaintiff in error.

R. A. Baird, for defendants in error.

Opinion by RUTH, C. This was an action filed in the county court of Carter county, wherein the J. W. Crowdus Drug Company, plaintiff, seeks to recover judgment against the defendants, G. P. Van Doren and D. E. Cantrell, defendants, on five certain promissory notes. The defendant Van Doren defaulted in answer, and answer was filed only by defendant Cantrell, who alleged fraud in procuring his signature. The cause was tried to a jury and upon verdict rendered and judgment entered for defendant, plaintiff brought this cause here regularly for review.

The plaintiff filed his brief under the rules of this court, but the defendant Cantrell has failed to file a brief as required by Rule 7 of this court, and has not asked for or been granted an extension of time, and no reason has been assigned for the failure of defendant to file briefs as required by the rule, and for such failure the court may reverse or confirm the judgment at its discretion, and is not required to search the record with a view of ascertaining some theory on which the judgment may be affirmed. Incorporated Town of Kusa v. Bouggous, 82 Okla. 204, 200 Pac. 154; Russell & Washington v. Robertson, 82 Okla. 283, 200 Pac. 150.

Plaintiff's brief discloses the fact that the defendant Cantrell was permitted to introduce oral testimony over the timely objection of plaintiff to vary the terms of the notes, and defendant Van Doren was permitted to introduce oral testimony of his discharge in bankruptcy over the timely objections of plaintiff, and to the ruling of the court, the plaintiff excepted.

After careful consideration of the plaintiff's brief and the authorities therein cited, we are of the opinion the assignments of error are reasonably supported thereby, and for the reason herein stated this cause should be reversed and remanded to the trial court with instructions to grant the plaintiff a new trial.

By the Court: It is so ordered.