**DIERKS LUMBER & COAL CO. v. McANAW.**

No. 11348—Opinion Filed Nov. 6, 1923.

Rehearing Denied Dec. 26, 1923.

1. Appeal and Error — Failure to File Brief — Reversal.

Where plaintiff in error has completed his record and filed it in this court, and has served and filed a brief in compliance with the rules of this court, and defendant in error has neither filed brief nor offered any excuse for such failure, this court is not required to search the record to find some theory upon which the judgment of the court below may be sustained; but where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the case in accordance with the prayer of the petition of the plaintiff in error.

2. Same—Summons— Service— Foreign Corporations.

Brief of plaintiff in error examined, and held, that the brief of the plaintiff in error appears to reasonably sustain the assignments of error; that the defendant being a foreign corporation, no sufficient service was had upon the defendant, and this cause is reversed and remanded to the trial court, with instructions to set aside the judgment therein rendered and to sustain the defendant's motion to quash service of summons.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Caddo County; Will Lynn, Judge.

Action between D. E. McAnaw and Dierks Lumber & Coal Company. From Judgment for plaintiff, the defendant brings error. Reversed and remanded.

J. S. Kirkpatrick and H. M. Kirkpatrick, for plaintiff in error.

Opinion by RUTH, C. This was an action originally filed in the district court of Caddo county by D. E. McAnaw, against the Dierks Lumber & Coal Company, a foreign corporation, defendant, and for convenience the parties will be designated as they appeared in the court below.

The plaintiff, D. E. McAnaw, filed his petition, wherein he alleged that the defendant was a foreign corporation and was selling lumber and building material to dealers in the state of Oklahoma, and on the 13th day of April, 1915, the defendant entered into a written agreement with the plaintiff to sell plaintiff certain lumber at prices therein agreed upon, and that the order was for immediate delivery, and after a breach of the agreement to deliver immediately, lumber advanced in price, and that the difference in the market price of the lumber ordered by the plaintiff from the defendant was $175.41, and by reason of the advanced price of lumber and because of the breach of the defendant's agreement to make immediate delivery the plaintiff suffered damages in the sum of $175.41, being the difference in price, plus a loss of profits on the resale thereof, which the plaintiff alleges would have been $131.56, and that he was further damaged by the acts of the defendant in the sum of $600 on other orders and contracts, making a total of $906.97.

Summons was duly issued and returned by the sheriff of Caddo county "Not found in my county." An alias summons was therefore issued, directed to the sheriff of Oklahoma county and returned by the sheriff of that county showing service upon "A. E. Hart, he being general salesman of said corporation, the highest officer of said corporation in the state of Oklahoma at the time of service."

To this summons the defendant entered its special appearance and moved to quash

such service, upon the ground, among others, that said Hart was not the agent of the defendant, but was a salesman whose sole duty it was to receive orders and transmit the same to the general office of the defendant in Kansas City, Mo., and that the defendant is a foreign corporation.

This motion was supported by affidavits of the said Hart and one R. Sutherland, Jr., in which affidavits it is set forth that R. Sutherland is general sales agent with offices in Kansas City, Mo., and A. E. Hart is assistant sales manager for the state of Oklahoma, and the only authority vested in Hart is to receive orders and transmit the same to the general offices in Kansas City, Mo., for approval, and the defendant has no service agent in Oklahoma, and transacts no business in Oklahoma, except in inter-state commerce, and after consideration of the case, the court sustained the defendant's motion to quash.

Thereupon a "pluries alias summons" was issued, directed to the sheriff of Oklahoma county and returned by him showing service upon "A. E. Hart, general sales and service agent of the above named Dierks Lumber & Coal Company."

To this summons the defendant entered its special appearance and filed its motion to quash, setting forth the same grounds as hereinbefore stated and supported by the same affidavits.

This motion to quash was by the court overruled and the defendant required to answer, and in such answer the defendant alleges it is a foreign corporation and has never qualified to transact business in the state of Oklahoma, and, has never transacted business in this state, except where it has been engaged in interstate commerce. The defendant further states that no service of summons was ever made upon defendant, and that it never entered an appearance and never submitted to the jurisdiction of the court, and further answered that it never accepted the order from the plaintiff for the delivery of the lumber. This cause was tried to the court, and after the plaintiff had introduced his evidence and rested, the defendant again introduced evidence that had formerly been introduced in its motion to quash said "pluries alias summons," wherein it was testified that the said Hart, at Oklahoma City, was only the salesman for the company and performed no other function for the company, and had no further authority than the solicitation of orders and the submission of the same to the company in Kansas City, Mo., for approval. After hearing had, the court rendered judgment in favor of the plaintiff for $149.11. Thereupon the defendant filed its motion for a new trial, which was by the court overruled; the defendant excepted and gave notice in open court of its intention to appeal to the Supreme Court of Oklahoma, and thus bring this case here for review.

Section 1339, Revised Laws of 1910, provides as follows:

"In all cases where a cause of action shall accrue to a resident or citizen of the state of Oklahoma by reason of any contract with a foreign corporation doing business in this state, or where any liability on the part of such foreign corporation shall accrue in favor of any citizen or resident of this state, whether in tort or otherwise, and such foreign corporation has not designated an agent in this state upon whom process may be served or has not an officer continuously residing in this state, upon whom summons or other process may be served so as to authorize a personal judgment, service of summons or other process may be had upon the Secretary of State, and such service shall be sufficient to give jurisdiction of the person to any court in this state having jurisdiction of the subject matter, whether sitting in the county where the Secretary of State is served or elsewhere in the state."

The plaintiff in error filed in this court its petition in error with case-made on April 13, 1920, and thereafter filed its brief in support thereof. Since the filing of the brief by plaintiff in error, the defendant in error has filed no answer brief, and has neither asked for nor been granted an extension of time for the filing of such brief, and has offered no excuse for such failure to file brief.

It has been repeatedly held by this court, that where the plaintiff in error files his brief in compliance with the rules of this court and defendant in error has neither filed brief nor offered excuse for such failure, this court is not required to search the record to find some theory upon which the judgment of the court below may be sustained. An examination of the plaintiff in error's brief discloses that it reasonably sustains the assignments of error, and upon authority of the cases of Shapleigh Hardware Co. v. Pritchard, 25 Okla. 808, 108 Pac. 360; Ellis et al. v. Outer, 25 Okla. 469, 106 Pac. 957; Butler et al. v. McSpadden, 25 Okla. 465, 107 Pac. 170; Buckner v. Oklahoma National Bank, 25 Okla. 472, 106 Pac. 959; Incorporated Town of Kusa v. Bouggous, 82 Okla. 204, 200 Pac. 154; Obialero v. Henryetta Spelter Co., 82 Okla. 274, 200 Pac. 143; Russell & Washington v. Robertson, 82 Okla. 283, 200 Pac. 150, this cause is reversed and remanded to the district court of Caddo county, with instructions to set aside the judgment heretofore rendered by said court and to sustain the defendant's motion to quash the service of summons as prayed.

Reversed and remanded.

By the Court: It is so ordered.