## DAVIDSON v. BAUGHMAN et al.

No. 13568—Opinion Filed April 22, 1924.

**Appeal and Error—Absence of Answer Brief —Review.**

Where the defendant in error chooses not to aid the Supreme Court with a brief, and the brief of the plaintiff in error appears reasonably to support the assignments of error, it is not the duty of the Supreme Court to search the record with a view of ascertaining some possible theory on which the judgment may be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by D. A. Baughman and N. A. Baughman against W. F. (Red) Davidson for damages for personal injury. The plaintiffs filed a petition in the cause seeking to enjoin the defendant, his attorneys, and the county judge of Okmulgee county from taking their depositions to be used as evidence in the cause. From a judgment of the district court enjoining the defendant, his attorneys of record, and the county judge of Okmulgee county from taking or attempting to take the depositions of the plaintiffs, defendant appeals. Reversed and remanded, with directions.

Underwood & Rodolf and L. L. Cowley, for plaintiff in error.

Opinion by SHACKELFORD, C. The parties will be referred to herein as they appeared in the trial court.

The plaintiffs, D. A. Baughman and N. A. Baughman, instituted this action in the district court of Okmulgee county against the defendant, W. F. (Red) Davidson, to recover damages for personal injuries. Defendant filed a motion to separately state and number which was sustained. Thereafter the defendant served a notice to take the depositions of the plaintiffs, and subpoena was issued by the county judge of Okmulgee county and served upon the plaintiffs. On June 14, 1922, the plaintiff filed a petition for a restraining order in this cause, in the district court of Okmulgee county, wherein they alleged that they had been served with notice to take depositions, and subpoenaed a number of times to appear before Hugh Murphy, county judge of Okmulgee county, said depositions to be used on behalf of the defendant, and that defendant had not made or attempted to make a showing of good faith; that they appeared in obedience to said subpoenas, but defendant made no effort to take their depositions, but continues to annoy plaintiffs by notice and by subpoenas; that the attempt of defendant to take the depositions of plaintiffs is illegal and that plaintiffs have no adequate remedy at law. They prayed an injunction, enjoining the defendant, his attorneys of record, and the county judge of Okmulgee county from taking or attempting to take their depositions. To this petition defendant demurred on the grounds that the court was without jurisdiction of the subject-matter, and that

plaintiffs were not entitled to the relief prayed for. Demurrer was overruled and defendant thereupon filed answer, in form a general denial and an affirmative allegation that the court was without authority to grant the relief prayed for. The cause was tried upon the application for injunction and the answer of the defendant. The plaintiffs introduced their verified petition and rested. Thereupon defendant demurred to the evidence of plaintiff, which demurrer was overruled. Defendant thereupon elected to stand on his demurrer, and judgment was entered for the plaintiffs enjoining the defendant, his attorneys of record, and the county judge from taking or attempting to take the depositions of the plaintiffs. From the order of the court overruling his motion for new trial the defendant appeals to this court.

The appeal was lodged in this court on July 11, 1922. Brief of the plaintiff in error was filed herein on January 31, 1924. Under the rules of this court the brief of the defendants in error should have been filed on or before March 2, 1924. The defendants in error have filed no brief. No extension of time in which to file brief has been requested or granted, and no excuse is offered for the default. Where the defendant in error chooses not to aid the Supreme Court with a brief, and the brief of the plaintiff in error appears reasonably to support the assignments of error, it is not the duty of the Supreme Court to search the record with a view of ascertaining some possible theory on which the judgment may be affirmed. Harrison v. Keohler Co., 82 Okla. 26, 198 Pac. 295; Obialero v. Henryetta Spelter Co., 82 Okla. 274, 200 Pac. 143; Russell & Washington v. Robertson, 82 Okla. 283, 200 Pac. 150. An examination of the brief of plaintiff in error discloses that it reasonably tends to support the assignments of error contained in the motion for a new trial and petition in error. Having reached this conclusion, this court is not required to search the record for authorities or reasons to affirm the judgment of the court below.

Therefore, it is recommended that this cause be reversed and remanded, with directions to the district court of Okmulgee county to dissolve the injunction heretofore issued herein.

By the Court: It is so ordered.