## STEPHENS v. BYRD.

No. 11673—Opinion Filed Sept. 23, 1924.

**Appeal and Error—Absence of Answer Brief —Effect.**

When the defendant in error chooses not to aid this court with a brief, and the brief of the plaintiff in error appears reasonably to support the assignments of error, it is not the duty of this court to search the record with a view of ascertaining some possible theory on which the judgment may be affirmed.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, McClain County; F. B. Swank, Judge.

Action by John Byrd against B. B. Stephens. Judgment for plaintiff, and defendant appeals. Reversed.

Ben Franklin, L. T. Cook, and Blanton, Osborn & Curtis, for plaintiff in error.

Glasco & Glasco, for defendant in error.

Opinion by MAXEY, C. This is an action by John Byrd, a full-blood Seminole Indian, against B. B. Stephens, to recover a one-half interest in the allotment of Timmie Byrd, a half-breed Chickasaw Indian. The plaintiff claims title to a one-half interest in the allotment of Timmie Byrd, alleging that he is the father of Timmie Byrd and entitled to a one-half interest in his allotment. It appears that John Byrd, the defendant in error, was enrolled as a full-blood Seminole Indian, and that he afterwards married Minerva Harris, who was enrolled by the Commissioner of the Five Civilized Tribes under the name of Minerva Folsom as a full-blood Chickasaw Indian. There was born to the said John Byrd and Minerva Byrd (nee Harris) a child named Louisa Byrd, shown to be six years of age in 1902 and enrolled as a Chickasaw Indian of half-blood. There was born to John Byrd and Minerva Byrd (nee Harris) a child by the name of Timmie Byrd, enrolled by the Commissioner of the Five Civilized Tribes as a half-blood Chickasaw Indian, four years of age in 1902. Minerva Harris procured a divorce from her husband, John Byrd, in 1901, and thereafter married Mulbert Folsom, a duly enrolled Chickasaw Indian, and Minerva was enrolled by the Commissioner of the Five Civilized Tribes as Minerva Folsom, and all her three children, Louisa Byrd, Timmie Byrd, and a child named Jefferson Folsom, born to Minerva Folsom and Mulbert Folsom, were enrolled by the Commissioner of the Five Civilized Tribes as Chickasaws and their names do not appear upon the Seminole roll, while John Byrd appears on the rolls of the Seminoles as a full-blood Seminole Indian. Timmie Byrd died a resident of Pontotoc county in November or December, 1903, and left him surviving his mother, Minerva Folsom, and his sister, Louisa Byrd, enrolled Chickasaws, and his father, John Byrd, enrolled Seminole. Soon thereafter during the year 1903, Jefferson Folsom died and soon thereafter Minerva Folsom died, leaving Louisa Byrd, the sole child and representative of Minerva Folsom. In the year 1907 Louisa Byrd, as the sole heir of Timmie Byrd, both enrolled as Chickasaw Indians, conveyed the allotment of Timmie Byrd to the plaintiff in error, B. B. Stephens, and Stephens went into possession and continued in the undisputed possession of said allotment until 1919 when John Byrd commenced this suit to recover a one-half interest in the allotment of Timmie Byrd as the father of said Timmie Byrd. In 1907 it appears that John Byrd executed a deed to Timmie Byrd's allotment to J. C. Jones, and said deed was approved in 1909 by the county court of Pontotoc county, but was not approved by the Secretary of the

luterior. John Byrd claims that upon the death of Timmie Byrd he inherited a one-half interest in said lands, and that Minerva Folsom, the mother, enrolled as a Chickasaw Indian, inherited the other one-half. The sole question presented to the court below was whether John Byrd, a full-blood Seminole and enrolled as such, could inherit from his child who was a half-breed Chickasaw Indian. There was judgment below for the plaintiff and the case duly appealed to this court. The record shows that it was filed in this court on August 24, 1920. On November 20, 1923, the plaintiff in error filed his brief and on November 22, 1923, the case was set for oral argument. The defendant in error was given 30 days after plaintiff in error filed his brief to file brief. The case was set for oral argument January 31, 1924. There was no appearance and the case was submitted on briefs. The defendant in error has never filed any brief in the case, and the same is now reached in its regular order for final disposal.

We have examined the brief for plaintiff in error and the authorities cited therein. and they appear to sustain the assignments of error of plaintiff in error, and the authorities appear to sustain the position of plaintiff in error that John Byrd, the defendant in error, being a full-blood Seminole and Timmie Byrd being enrolled as a half-breed Chickasaw Indian, that John Byrd could not inherit from a Chickasaw. The plaintiff in error has filed quite an elaborate brief and cited a great many authorities and we regret very much that the defendant in error has not filed a brief, but under the rule of this court there are a great many cases which announce the rule that where the defendant in error fails to file a brief in the Supreme Court, and no excuse is offered for not filing a brief, and the brief of the plaintiff in error appears reasonably to support the assignments of error, it is not the duty of the Supreme Court to search the record with a view of ascertaining some possible theory on which judgment may be affirmed. We have given the plaintiff in error's brief a careful examination and it appears to sustain the assignments of error, and under the foregoing rule followed by this court, the case will be reversed and remanded to the trial court, with directions to set aside the judgment heretofore rendered and grant plaintiff in error a new trial. Taby v. McMurray, 30 Okla. 602, 120 Pac. 664; Purcell Bridge & Transfer Company v. Hine, 40 Okla. 200, 137 Pac. 668; Lee v. Loftis, 54 Okla. 743, 154 Pac. 653; Supreme Forest Woodman Circle v. Dugan, 57 Okla. 193 156 Pac. 1194; Town of Kusa v. Bouggous, 82 Okla. 204, 200 Pac. 154. Let the case be reversed and remanded for a new trial.

By the Court: It is so ordered.