## FRATERNAL AID UNION v. HELMS.

No. 12095—Opinion Filed Nov. 20, 1923.

(Syllabus.)

1. **Trial—Demurrer to Evidence—Action on Fraternal Benefit Certificate.**

In an action by the beneficiary upon a benefit certificate issued upon the life of deceased, where the plaintiff introduced the certificate and proof of death of deceased, and receipt for payments of assessments or dues as provided in said certificate up to the time of the death of deceased, it is not error for the trial court to overrule the demurrer to plaintiff's evidence.

2. **Trial—Defenses—Questions of Fact for Jury.**

In an action tried to a jury, where the plaintiff has made out a prima facie case and the defendant relies upon affirmative defenses, and said defense involves questions of fact, and the plaintiff introduced evidence conflicting with the evidence offered by the defendant, the same presents a question of fact for the jury.

3. **Insurance—Mutual Benefit Certificate—Delay in Payment of Dues—Custom as Excuse.**

In order for a member of a mutual benefit association, who, according to the terms of his certificate, has lost his rights thereunder by a failure to make a payment of dues at the time specified, to avoid such forfeiture by reason of a reliance upon an established practice of accepting delinquent payments within a definite period after the default, he must show an offer to make payment within the limit as so extended.

4. **Same—Technical Defenses not Favored.**

The professedly benevolent and charitable character of fraternal insurance societies does not exempt them from the application of the rule that technical defenses to actions on insurance policies are not regarded with favor by the court.

5. **Same—Sufficiency of Instructions.**

Record examined, and held, the instructions of the court fairly submitted the issues to the jury, and there is no reversible error therein.

Error from Superior Court, Muskogee County; Guy F. Nelson, Judge.

Action by Nellie Helms against Fraternal Aid Union. Judgment for plaintiff, and defendant brings error. Affirmed.

S. E. Gidney, Jno. M. Gidney, and Geo. R. Allen, for plaintiff in error.

N. B. Maxey, for defendant in error.

McNEILL, J. This action was commenced by Nellie Helms to recover the sum of $2,000 on a benefit certificate issued by the Fraternal Aid Union upon the life of Dora Ripple, wherein plaintiff was named beneficiary. The defendant answered, admitting it was a corporation organized under the laws of the state of Kansas, and alleging it was a fraternal beneficiary association operating upon the lodge plan, with a representative form of government and not organized for profit. It admitted issuing the certificate, and admitted receiving the assessments up until the death of Dora Ripple, and pleaded that Dora Ripple was suspended in February, 1917, for failure to pay the assessments for that month, and under the by-laws, before she could be reinstated, it was necessary to sign a health certificate warranting that she was in good sound bodily health. It is alleged Dora Ripple signed a health certificate and was reinstated, but the statements in the certificate were warranties, and they were false and untrue, as said Dora Ripple was not in good, sound health, but was an inmate of the insane hospital at Terrell, Tex., and was insane and suffering from tuberculosis, from which disease she thereafter died on February 5, 1918.

To this answer the plaintiff filed a reply, denying generally the allegations of the answer, and pleaded there was a custom prevailing at the Muskogee lodge, where deceased was a member, regarding suspension, and by virtue of said custom each month the members would have until the 15th or 16th of the succeeding month to pay their assessments and dues before being declared delinquent, and plaintiff re-

lied upon said custom, and attempted to pay the dues within said time, but was prevented from paying the same because R. L. Nay, the authorized collector of dues, was out of his office, and the plaintiff was unable to locate him and to make said payments before said time, but did make the same in a reasonable time. It was further pleaded that the defendant, with full knowledge on behalf of the defendant company and of R. L. Nay, the agent, knew the physical condition of the deceased at the time she was reinstated, and continued to receive dues upon said policy for a period of more than one year thereafter, and the defendant company waived all irregularities in said matter and is estopped from denying liability.

With the issues thus framed, the case was tried to the jury and judgment was rendered in favor of plaintiff and against the defendant for the amount of said policy. From said judgment, the defendant has appealed.

The plaintiff, to support her cause of action, introduced evidence showing the death of Dora Ripple, the certificate issued upon her life payable to the plaintiff herein, and that all the assessments had been paid. The defendant demurred to this evidence. We think there was no error in overruling this demurrer and that plaintiff made out a prima facie case. The plaintiff having made out a prima facie case, and the defendant having pleaded affirmative defenses to avoid the payment of the policy, the burden was upon the defendant to support the affirmative defense by competent evidence. The defendant produced evidence to support its theory of the case, and the plaintiff introduced evidence to support the plea in its reply. At the close of the evidence, the defendant did not test the sufficiency of the evidence upon the issues raised by the answer and reply by requesting the court to instruct a verdict for the defendant.

For reversal the petition in error contains 36 separate assignments of error. These are not all discussed. The plaintiff in error discusses the proposition that the deceased was not a beneficiary member in good standing at the time of her death, and the certificate sued upon had lapsed because she was automatically suspended by reason of default in payment of assessment of dues on February 28, 1917, the same not having been paid until March 30, 1917, and at the time of her suspension she was not in good health, and she continued in bad health until the time of her death, and the statements and warranties in the health certificate and application for reinstatement were false and untrue and the reinstatement was void.

The questions regarding the suspension and good health of deceased at the time of reinstatement, and waiver, were all questions of fact for the determination of the jury. While there is some conflict in the decisions of this court, the general rule is that unless the party tests the sufficiency of the evidence by a motion to direct a verdict, this court will not examine the evidence to see if there is any evidence to support the verdict, but will look to the instructions of the court and other errors complained of.

The plaintiff contends the court erred in giving instruction No. 2, wherein the court, in substance, advised the jury if they believed from the evidence the local clerk had a custom of accepting dues and assessments on or before the 15th day of the month for dues and assessments one for the previous month which were delinquent on the last day of said previous month, and said custom was known to the plaintiff, and the plaintiff relied upon the same, and the plaintiff after the 28th day of February, the day on which said assessments were to be paid, and before the 15th or 16th of March, paid the same, or made diligent effort to pay the same, providing there was such custom, but was unable to do so because Nay, the collector of dues and assessments, could not with reasonable diligence be found, but that she thereafter and within a reasonable time did pay the same, then the insured could not be and was not legally suspended. It is first contended this instruction was erroneous, because there was no such custom. We think the evidence on behalf of the plaintiff and the collector himself was sufficient to submit the question of whether there was such a custom to the jury. The plaintiff testified that she had endeavored to make the payments before the 15th, but could not do so, because the clerk could not be found; that she went to the office on several occasions, and the same was locked and there was a notice on his door stating he was out of town. We think these facts bring the case squarely within the rule announced in the case of Conroy v. Grand Lodge of Brotherhood of Railroad Trainmen (Kan.) 171 Pac. 1161, where the court in the second paragraph of the syllabus stated as follows:

"In order for a member of a mutual benefit association, who, according to the terms of his certificate, has lost his rights thereunder by a failure to make a payment of dues at the time specified, to avoid such forfeiture by reason of a reliance upon an

established practice of accepting delinquent payments within a definite period after the default, he must show an offer to make payment within the limit as so extended."

This same rule was also announced by the Supreme Court of Iowa in the case of Trotter v. Grand Lodge of Iowa Legion of Honor, 109 N. W. 1099, and it also discussed the proposition of having a reasonable time to make payments when the collector returns and stated as follows:

"With reference, however, to the claim of waiver because of the absence from home of the financial secretary at the time when the assessment became delinquent, according to the rules of the association, we will say there is good authority for the proposition that under such circumstances the member is entitled to a reasonable time after the return of such officer or agent in which to make the payment."

Plaintiff in error, however, contends that the above cases hold that where a person relied upon the custom, the payments must be made within the customary time. We do not regard the language, to wit: "He must show an offer to make payments within the limit so extended", subject to such a construction. It states he must show an offer. The plaintiff testified she was ready and willing to pay and tried to pay, but did not because she could not find the collector. This would amount to an offer to pay.

The plaintiff in error, however, contends that the rule announced in the above cases is contrary to the rule followed by this court. In this we cannot agree. While no previous case is exactly the same as the case at bar, yet the rule announced in the above cases is in harmony with the rule announced by this court in the case of Pac. Mutual Life Ins. Co. v. McDowell, 42 Okla. 300, 141 Pac. 273, and the later expression of this court in the case of Knights of Maccabees of the World v. Johnson, 79 Okla. 77, 185 Pac. 82. We think there was no error in the giving of this instruction.

It is next contended that the court erred in giving instruction No. 4. The court in the first part of instruction No. 4 advised the jury if they believed the local clerk was in his office where payments of dues could be made at all reasonable times, during reasonable office hours, or had some person in said office authorized to accept said payments and issue receipts, then the failure of insured or plaintiff on behalf of insured to make said payments was good and legal grounds for suspension. Plaintiff in error contends this portion of the instruction was erroneous because it proceeds on the theory the local clerk must be at his office or have some one in charge of the office for the purpose of receiving

assessments or dues. We think there is no merit in this contention. The defendant produced evidence to support the theory that the local clerk maintained an office which was the usual and customary place of paying dues and assessments, and that he was at said office, or had some one in charge of the same to collect and receive the dues and assessments during the time plaintiff contended he was absent. This instruction covered the theory advanced by both sides in the case.

The instruction further advised the jury if the deceased was suspended and was reinstated as a member upon her application, and in the application represented and warranted that she was in good, sound bodily health, and there was nothing in her condition that would likely impair or shorten her life, and that her representations were untrue and defendants believed the same to be true, and on account thereof reinstated the insured, then the reinstatement was void. This was also a question of fact for the jury. While it is admitted the deceased was in an insane asylum and had been for several years, it was contended by plaintiff this fact was known to the local clerk, and the plaintiff testified that the local clerk, with full knowledge of that fact, sent the application for reinstatement to the asylum at Terrell, Tex., where it was signed by the deceased and returned to the clerk of the local lodge. It was contended, not that the deceased died because she was insane, but because she had contracted tuberculosis. The exact time when she became afflicted with tuberculosis was a question of fact for the jury. Plaintiff in error, however, states as follows:

"That one of the contentions of making the reinstatement void is that the representations were untrue, for under a warranty it is the fact and not the knowledge of the person making the warranty that controls."

This contention is very technical and involves the technical construction to be placed upon the word "untrue." We do not think, under the facts in the case, the jury could have been misled by the fine distinction the company attempts to give to the word "untrue." As stated by the Supreme Court of Iowa in the case of Trotter v. Grand Lodge of Iowa Legion of Honor, 109 N. W. 1099, in fifth paragraph of the syllabus:

"The professedly benevolent and charitable character of fraternal insurance societies does not exempt them from the application of the rule that technical defenses to actions on insurance policies are not regarded with favor by the courts."

It is next contended that the court erred in refusing to give instruction No. 9 requested by the plaintiff in error. This instruction dealt with the same questions presented in instruction No. 4, and was included in instruction No. 4. There was no error in giving said instruction, and there was no error in refusing to give the requested instruction.

It is further contended that the court erred in refusing to give requested instruction No. 2. These instructions covered the same propositions that were covered by the court in instructions Nos. 2 and 4, given by the court. Therefore. the court having covered the same subject in instructions Nos. 2 and 4, there was no error in refusing to give the requested instructions.

It is next contended the court erred in the rejection of certain testimony regarding the report of the clerk that the deceased, the plaintiff, and her son, were the only three persons delinquent for the month of February, 1917, as reported by the local secretary. We are unable to see the materiality of this testimony, but even if material, it would not cause a reversal of the case under section 6005, Rev. Laws 1910.

The other assignments of error become immaterial under the view we take of the case.

For the reasons stated, the judgment of the lower court is affirmed.

NICHOLSON, COCHRAN, HARRISON, and MASON, JJ., concur.