## K. OF P. LODGE NORTH AMERICA, etc., v. EWING.

No. 18645. Opinion Filed Nov. 13, 1928.

E. T. Barbour, for plaintiff in error.

B. C. Franklin and Ernest Richards, for defendant in error.

FOSTER, C. Lillie Ewing brought this action in the court of common pleas of Tulsa county against the K. of P. Lodge for the sum of $375, on account of a policy of insurance issued to her husband, Will Ewing, who was a member of King Solomon's K. of P. Lodge at Tulsa prior to his death, which occurred on' March 2, 1925. Will Ewing had been a member of the lodge since December, 1921. The defendant in the trial court was the Grand Lodge of Oklahoma, and was composed of subordinate lodges, one of which was King Solomon's Lodge at Tulsa.

The insurance policy sued upon was based upon a graduated scale, the maximum sum being $500. At the time of Ewing's death, under the terms of the policy, his beneficiary was entitled to $300, and $75 for burial expenses. Benefits were paid by the Grand Lodge, but the payment of premiums and assessments was made by the members to the secretary of the local lodge, and by him transmitted to the Grand Lodge. According to the rules and by-laws of the Grand Lodge, and according to provisions of the policy. if the dues were not paid when the same were due, the policy was automatically canceled; and, in case of

death of one of the members, when the dues were not paid, his beneficiary was entitled to no benefits.

Will Ewing did not pay his dues for the months of January and February, until, on March 2nd, at about seven o'clock in the morning, one Smith paid to the secretary of King Solomon's Lodge all of the dues owing by Will Ewing up to April 1, 1925, the money having been delivered to Smith by Ewing for that purpose. About noon of the same day, to wit, March 2nd, Will Ewing died. His dues were thereafterwards sent to the Grand Lodge at Oklahoma City, but were not received by said Grand Lodge until after the death of Will Ewing. About the time the Grand Lodge received the money, it also received notice of the death of Will Ewing, and the secretary of the Grand Lodge, after consulting one or two of the other officers, returned all premiums so paid by Ewing to the local lodge at Tulsa, but the plaintiff herein refused to accept the return of the money, and upon the Grand Lodge refusing to pay the amount of the policy, she brought this action.

This case was tried before a jury, who returned a verdict for the plaintiff in the sum of $375, the full amount sued for, on which the court rendered judgment, and after an unsuccessful motion for a new trial, the defendant prosecutes this appeal. The parties appear in the reverse order, and will be referred to as they appeared in the court below.

The defendant has filed a very unsatisfactory brief, but, if we understand it, its first contention is based upon the proposition that the verdict of the jury is not sustained by sufficient evidence. There is no attempt to point out where the evidence fails, and no authorities are cited to support this proposition; consequently, we will not consider this argument further. However, we have read the evidence and believe it to be sufficient.

It is next contended that the court erred in permitting the plaintiff to prove by custom the manner of making payments in conflict with the by-laws of the defendant. There is testimony to show that numerous dues and assessments of many different members of King Solomon's Lodge had been sent in to the Grand Lodge of Oklahoma City after the same were due, and had been accepted by the Grand Lodge. The secretary of the Grand Lodge, himself, testified that it was a general custom to accept dues from members unless they were more than three

months past due. And in the case of Will Ewing, the secretary further testified that had he not been advised of the death of Will Ewing, his dues and assessments would have been accepted. We believe there is ample authority to show that a mutual benefit society, or insurance company, may, by custom, waive the payment of dues at the time prescribed by the by-laws of the society, or by the provisions of the policy itself. Pac. Mutual Life Ins. Co. v. McDowell, 42 Okla. 300, 141 Pac. 273; Knights of Maccabees v. Johnson, 79 Okla. 77, 185 Pac. 82; Mutual Life Ins. Co. v. Chattanooga Sav. Bank, 47 Okla. 748 (at p. 759), 150 Pac. 190; Fraternal Aid Union v. Helms, 96 Okla. 125, 220 Pac. 915; Sovereign Camp, W. O. W., v. Booker, 93 Okla. 139 (at p. 142), 219 Pac. 889.

From an examination of the testimony, we believe there is sufficient evidence to support the finding that an unbroken custom had been established, whereby the secretary of the Grand Lodge accepted dues from its members after the time when the same were due, according to the terms of the by-laws of the lodge, and that the dues of Will Ewing were paid within the time established by the custom, although after the dues were payable by the terms of the by-laws. This matter was fully set up in the petition of the plaintiff, and is supported by sufficient evidence, and we therefore find no error by permitting evidence of this nature to be introduced.

Defendant cites authority to the effect that the by-laws of a benefit association are binding upon its members, and all are presumed to know that. Miller v. Supreme Tent of Maccabees (Wash.) 185 Pac. 593. But this does not mean that the provisions of the by-laws cannot be waived by the lodge itself by accepting dues after the same are due under the provisions of said by-laws.

The dues in the case at bar were accepted by the secretary of the local lodge. The defendant lodge was an organization made up of subordinate lodges, of which the local lodge was a member, and the secretary of the local lodge had authority to collect the dues, thereby becoming an agent for the Grand Lodge. the defendant in this case. G. L. of U. B. F. & S. of M. T. v. Carroll, 73 Okla. 49, 174 Pac. 767.

The defendant next contends that Smith was not the agent of the defendant. and therefore had no right to accept the money of Will Ewing in payment of the dues. We find no such contention. As we understand

the record, Smith was acting as the agent of Will Ewing, paid the money for Will Ewing with his money, and it was credited to Will Ewing's account. This contention is wholly without merit.

The defendant next complains of the instructions given by the court to the jury, but it does not point out where the instructions were erroneous, nor cite any authorities to sustain its contention. We have read the instructions, and do not believe that the defendant was in any way prejudiced by them, nor do we believe there was any error in refusing the offered instructions by the defendant.

We have examined the entire record, and believe there is sufficient evidence to support the verdict and judgment, and that the court committed no prejudicial error. The judgment is therefore affirmed.

BENNETT, TEEHEE, HALL, LEACH. and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.